**George HARASTEJ, Plaintiff,**

v.

**RELIABLE CAR RENTAL, INC., et al. Defendants.**

**Civ. No. 250-71.**

United States District Court,
D. Puerto Rico.

Aug. 3, 1972.

José M. Rocafort-Bustelo, Santurce, P. R., for plaintiff.

Hernán G. Pesquera, Old San Juan, P. R., for defendant Reliable Car Rental, Inc.

Francisco García Arache, Rio Piedras, P. R., for defendants Pronto Tours, Inc. and Easy Air Corp.

### ORDER

TOLEDO, District Judge.

On May 17, 1972, defendant Reliable Car Rental, Inc., filed a Motion for Summary Judgment alleging that plaintiff claims damages as a result of an accident that occurred to him at 1022 Ashford Avenue, San Juan, Puerto Rico, but that defendant has no relation whatsoever with the place where the plaintiff alleges in the complaint that the accident occurred. On May 24, 1972, the plaintiff filed an amended complaint alleging that defendants' place of business and the locale where the accident occurred was not 1020 Ashford Avenue, but 1010.

The defendant Reliable Car Rental, Inc. opposes the amendment of the complaint stating, in essence, that Rule 9(f) makes averments of time and place material to the pleadings and, as such, should be considered like all other averments of material matter. Defendant also maintains that since the statute of limitations has elapsed, to permit an amendment of a material fact such as the place where the accident occurred, thus constitutes a new cause of action, creating a situation greatly inequitable to the defendant.

The defendant relies on the following quote from Federal Practice and Procedure, Barron and Holtzoff, p. 235:

"Rule 9(f) provides that averments of time and place are material for the purpose of testing the sufficiency of a pleading, and shall be considered like all other averments of material matter.

Under the former practice it was possible to allege any date or place and not be bound by it in proof, because such facts were not considered material. Rule 9(f), however, requires exactitude in this respect, and dates and places set forth in the complaint may be used to set up defenses wherein the date and place have a bearing."

If defendant's distinguished counsel had read on, specifically to the next sentence, his doubts with relation to the requested amendment would very possibly have vanished. Said text goes on to read:

"However even here any variance between the date alleged and that proved must be considered in the light of *Rule 15, and its liberal provision for amendments* to conform to the evidence."

The Federal Rules of Civil Procedure adopt a liberal policy toward allowing amendments to correct errors in the pleadings, which is clearly desirable and further one of the basic objectives of the federal rules: the determination of cases on their merits. Wright and Miller, Federal Practice and Procedure, Vol. 6, p. 381.

Defendants' statute of limitations' argument has been specifically provided for in the Federal Rules in Rule 15(c):

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading . . ."

The general rule of "relation back" is that a pleading may not be amended to allege a new or different claim or defense unless it arose out of, or is based upon or related to, the claim, transaction or occurrence originally set forth or attempted to be set forth. The mere correction of a mistake in the complaint by amendment relating to facts as to time and place, do not set up a new claim for relief and, therefore, relate back to the date of the original complaint. Cummings v. Greif Bros. Cooperage Co., 202 F.2d 824 (8 Cir., 1953); Conry v. Baltimore & Ohio R. Co., 95 F.

Supp. 846 (D.C.Pa., 1951); Kelcey v. Tankers Co., 217 F.2d 541 (2 Cir., 1954). Article 1873 of the Commonwealth of Puerto Rico Civil Code (31 LPRA 5303), states that prescription of actions are interrupted by their institution before the courts and even by the extrajudicial claim of the creditor. We have seen no case law on this point by Puerto Rican Courts which would alter or preclude our result as a matter of local substantive law.

It is, therefore, ordered, that plaintiff's request for permission to file an amended complaint is granted. There existing genuine controversy as to the facts of the case, defendant Reliable Car Rental's motion for summary judgment is hereby denied.

It is so ordered.