ROBERT BURGESS ET AL. *v.* VANGUARD
INSURANCE COMPANY
(11384)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued December 8, 1983—decision released January 24, 1984

*David M. Reilly,* for the appellants (plaintiffs).

*John Keogh, Jr.,* with whom, on the brief, was *Robert L. Genuario,* for the appellee (defendant).

PER CURIAM. This action involves a claim, in six counts, by the owners of real property against their fire insurance carrier. In the fourth count of the complaint the plaintiffs allege that the defendant has engaged in an unfair trade practice in violation of General Statutes § 38-61 and that such conduct violates the provisions of § 42-110b (a) (Connecticut Unfair Trade Practices Act — CUTPA). The defendant, pursuant to Practice Book § 147, filed a request that the plaintiffs revise their complaint by separating the fourth count into two separate counts. The court, *Cretella, J.,* overruled the plaintiffs' objection to the defendant's request. Thereafter, the plaintiffs having declined to file a substitute pleading as required by Practice Book

§ 149, the court, *Fracasse, J.,* granted the defendant's motion for partial judgment of nonsuit. This appeal followed.[1] We find error.

Although the appeal is from the judgment of nonsuit the assigned error is the decision overruling the plaintiffs' objection to the defendant's request to revise. That request was for the plaintiffs to separate the "causes of action" alleged in the fourth count. The narrow issue presented in such a request is procedural not substantive. The sufficiency of the allegations is not involved. The question is whether the fourth count states two separate and distinct causes of action, in which case they should be contained in separate counts. Practice Book § 138. Unless the causes of action are both separable from each other and separable by some distinct line of demarcation a single count is appropriate. *Veits* v. *Hartford,* 134 Conn. 428, 438, 58 A.2d 389 (1948).

"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 197, 91 A.2d 778 (1952). "A right of action at law arises from the existence of a primary right in the plaintiff,

---

[1] The defendant moved to dismiss the appeal on the ground that it was not taken from a final judgment. We denied the motion. A judgment of nonsuit may be rendered for failure of a party to comply with an order to separate causes of action. *Rodriguez* v. *Mallory Battery Co.,* 188 Conn. 145, 150, 448 A.2d 829 (1982). A judgment of nonsuit is a final judgment from which an appeal lies; *Jaquith* v. *Revson,* 159 Conn. 427, 430, 270 A.2d 559 (1970); notwithstanding that the cause remains undisposed of on other issues. Practice Book § 3001; *State* v. *Kemp,* 124 Conn. 639, 642, 1 A.2d 761 (1938). A plaintiff may be nonsuited as to one of several divisible causes of action without affecting his right to proceed as to the others. *Warlick* v. *Reynolds & Co.,* 151 N.C. 606, 613, 66 S.E. 657 (1910); 27 C.J.S., Dismissal & Nonsuit § 52. The exception to this rule which precludes an appeal from a partial judgment; *Kilbride* v. *Dushkin Publishing Group, Inc.,* 186 Conn. 718, 724, 443 A.2d 922 (1982); applies only to judgments entered after the granting of a motion to strike. Practice Book § 157.

and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." *Pavelka* v. *St. Albert Society,* 82 Conn. 146, 147, 72 A. 725 (1909). "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330, 170 A.2d 724 (1961). If, however, the plaintiff's claims for relief grow out of a single occurrence or transaction or closely related occurrences or transactions they may be set forth in a single count and it does not matter that the claims for relief do not have the same legal basis. *Veits* v. *Hartford,* supra, 438–39.

The allegations of the fourth count spell out a single cause of action. The plaintiffs seek to bring an action under CUTPA based on a claimed violation of an insurance statute. It is alleged that the defendant used conflicting meanings of "actual cash value," that one meaning was used in selling insurance and a different meaning when a claim was presented. The plaintiffs allege that such conduct constitutes an unfair trade practice within the meaning of General Statutes § 38-61 and a violation of CUTPA. The sufficiency of these allegations as a basis for an action against the defendant was not before the trial court in its consideration of the defendant's request to separate. The only issue was whether the fourth count contained a single cause of action or two separate and distinct causes of action. The fact that the plaintiffs' statutory action under CUTPA is based on an alleged violation of another statute does not transform the plaintiffs' single cause of action into two causes of action. Whether the conduct which is alleged to have caused the plaintiffs' injury

involves a breach of a common law duty or a violation of one or more statutes or both there is but one cause of action. There being but one cause of action there was nothing for the plaintiffs to separate. The thrust of the defendant's request is to revise the fourth count of the complaint beyond recognition by removing the heart of the plaintiffs' claim. Under our adversary system a party may not be compelled to become his opponent's amanuensis.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.