[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT TESTWELL CRAIG'S MOTION TO STRIKE
The plaintiff Southern New England Telephone Company brought this action against several defendants, including the movent Testwell Craig Laboratories of Connecticut, Inc. The plaintiff seeks to recover damages which were said to have resulted when Testwell Craig drilled a core bore through plaintiff's "eleven hundred pair cable" on a bridge located on Main Street in Trumbull.
There are three counts in the complaint. The named defendant moves to strike the second and third counts because they are repetitious of the first count and do not constitute a separate cause of action.
The plaintiff claims that there are three distinct causes of action in three separate counts. The first count sounds in common law negligence as well as a theory of negligence per se. In contrast, the second and third counts each assert a violation of a statutory provision and recovery in each is premised on a theory of strict liability. CT Page 53
In the first count, the plaintiff asserts that Testwell Craig, having failed to notify the "Call Before You Dig" Central Clearinghouse in advance of its intention to drill, did drill through the plaintiff's cable. This disrupted service in Trumbull and Monroe for two days and cost the plaintiff expenses of approximately $105,000.00 to repair the cable and restore service.
Paragraph 10 of this count alleges:
"10. The damage caused to the cables was the result of the negligence of the defendant Testwell in that:
 (a) it failed to take appropriate steps to determine, before drilling the "core bore," the position of the telephone cables which were damaged;
 (b) it failed to determine the position of all utility lines prior to performing its work on the bridge;
 (c) it failed to properly notify the appropriate central clearinghouse within 30 days of the commencement of the "core bore" drilling, as required by Section 16-349 of the Connecticut General Statutes;
 (d) it failed to determine the position of all utility lines prior to performing its work on the bridge;
 (e) it failed to exercise the reasonable care required by Section 16-354 of the Connecticut General Statutes; and
 (f) under all of the circumstances then and there existing, it failed to exercise due care in the performance of its excavation work."
The second count reiterates the allegations of the first nine paragraphs of the first count alleging, inter alia, the acts of the movent, and then adds:
"10. The actions of the defendant Testwell constitute a violation of Section 16-349 of the Connecticut General Statutes."
The third count reiterates the allegations of the second count and then adds:
"11. The actions of the defendant Testwell constitute a violation of Section 16-354 of the Connecticut General Statutes." CT Page 54
 I.
A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 197,91 A.2d 778 (1952).
"Unless the causes of action are both separable from each other and separable by some distinct line of demarcation a single count is appropriate. . . . If the plaintiff's claims for relief grow out of a single occurrence or transactions or closely related occurrences or transactions they may be set forth in a single count and it does not matter that the claims for relief do not have the same legal basis. . . . Whether the conduct involves a breach of common law duty or a violation of one or more statutes or both there is but one cause of action." Burgess v. Vanguard Ins. Co., 192 Conn. 124, 126-27,470 A.2d 244 (1984).
The plaintiff obviously recognizes this premise in pleading both common law negligence and statutory per se negligence in the first count.
 II.
"A person who uses an intrinsically dangerous means to accomplish a lawful end, in such a way as will necessarily or obviously expose the person of another to the danger of probable injury, is liable if such injury results, even though he uses all proper care." Caporale v. C.W. Blakeslee Sons, Inc.,149 Conn. 79, 82, 175 A.2d 561 (1961). "To impose liability without fault, certain factors must be present: an instrumentality capable of producing harm; circumstances and conditions in its use which, irrespective of a lawful purpose or due care, involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others; and a causal relation between the activity and the injury for which the damages are claimed. The defendant actor, even when he uses due care, takes a calculated risk which he, and not the innocent injured party, should bear." Id., at page 85.
A statute, such as General Statutes Section 22-357 (the dog bite statute), may also, by its terms, impose absolute liability.
The second and third count do not allege the use of a dangerous instrumentality such as the explosion of dynamite or the use of a piledriver. CT Page 55
The plaintiff alleges that these statutes, one of which requires notice to a central clearinghouse of proposed excavation near the location of public utility facilities and the other which requires the use of reasonable care when working in proximity to underground facilities of any public utility, are part of a "remedial statutory scheme designed to deal with the dangers associated with excavation, demolition or discharge of explosives." The plaintiff then claims that liability is therefore imposed, whether or not due care was exercised, and therefore imposes strict liability.
However, the only statutory liability imposed for violation of these sections is forfeiture and payment to the state of a civil penalty of not more than $10,000.00. General Statutes Section 16-356. Nowhere in the chapter, is there any imposition of liability to the person injured for any damage as that imposed by such statutes as General Statutes Section 22-357. The plaintiff has not offered any precedent for its position.
Therefore, these two counts are redundant of the claims for per se violations alleged in the first count and as pleaded do not sustain claim of a distinct cause of action based on strict liability.
The motion to strike is granted.
NIGRO, J.