[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SECOND SPECIAL DEFENSE (#110)
"It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but CT Page 4830 where an entirely new and different factual situation is presented, a new and different cause of action is stated." Burgess v. Vanguard Insurance Company, 192 Conn. 124, 126
(1984), quoting Gallo v. G. Fox Company, 148 Conn. 327, 330
(1961) (emphasis added).
The allegation in the paragraph in question regarding the walk-off mat simply amplifies the factual basis for the negligence cause of action. It does not constitute by any stretch of the imagination an "entirely new and different factual situation."
See also: Giglio v. Connecticut Light and Power Company,180 Conn. 230 (1980), in which the court held that the trial court did not abuse its discretion in allowing the plaintiff to amend her complaint to specify certain defects in the furnace equipment in a suit for negligence and strict tort liability since the addition of the new allegations did not allege a new cause of action. Id. at 237-40.
The court held in Jonap v. Silver, 1 Conn. App. 550, (1984), that the addition of invasion of privacy claims to the complaint after the statute of limitations had run related back to the injurious falsehood claims since "the acts which gave rise to a claim for injurious falsehood are not separate and distinct from the acts which gave rise to the alleged invasion of privacy claims." Id. at 557. The court determined that "[a]ll of the plaintiff's theories of liability arise from a single group of facts." Id.
In her original complaint, plaintiff here in alleged in paragraph "8c": "The injuries and damages suffered by the plaintiff were a result of the negligence and carelessness of the defendant . . . [i]n that the defendant failed to remedy or repair said conditions . . . ." The paragraph in question pertaining to the "walk-off mats", specifically "that the defendant failed to provide `walk off mats' in an area that the defendant knew or should have known to be ultra-hazardous to its customers", is merely an amplification of paragraph "8c" of the original complaint.
"As to relation back of amendments, we said in Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285, that "amendments relate back to the date of the complaint unless they allege a new cause of action." Giglio v. Connecticut Light Power Company, 180 Conn. 230, 239 (1980).
Plaintiff's amendment does not allege a new cause of action and dates back to the date of the complaint. Plaintiff's motion to strike defendant's Second Special Defense is granted. CT Page 4831
BALLEN, JUDGE.