[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFFS' OBJECTION TO REQUEST TO REVISE
The defendant Bridgeport Roman Catholic Diocesan Corporation [hereafter "Diocese"] filed a Request to Revise the Complaint dated February 17, 1993 seeking, in Requested Revisions (A) and (C), to have plaintiffs allege in separate counts the causes of action set forth in paragraphs 8 and 9 of the First and Second Counts[1] of the Complaint dated January 4, 1993 and, in Requested Revisions (B) and (D), deletion of a portion of paragraph 9 of each count. On or about March 5, 1993, the plaintiffs filed their objection to the Request to Revise which is the subject of this ruling.
Requested Revisions (A) and (C)
The plaintiffs object to the Diocese's request that they plead the allegations contained in paragraphs 8 and 9 in separate counts. The requested revision and the objection thereto present the narrow procedural issue of whether these counts state a single cause of action or separate and distinct causes of action. See Practice Book 138. "Unless the causes of action are both separable from each other and separable by some distinct line of demarcation a single count is appropriate. Veits v. Hartford, 134 Conn. 428, 438 . . . (1948)." Burgess v. Vanguard Ins. Co., 192 Conn. 124, 125 (1984).
The plaintiffs claim that paragraphs 8 and 9 state a cause of action in negligence against the Diocese based on vicarious liability. However, paragraph 8, the vicarious liability allegation in each count, clearly refers back to paragraph 7 in each count. The allegations in paragraph 7 of each count, while somewhat different, set forth a cause of action in intentional tort against the defendant Raymond Pcolka alleged to have occurred "in the course of his employment with the defendant, the Diocese," see paragraphs 7 of Counts One and Two, and while "in the scope of his employment," see paragraphs 8 of Counts One and Two, in order to state a theory of vicarious liability against the defendant Diocese under the doctrine of respondeat CT Page 4823 superior.[2]
Paragraph 9 of Counts One and Two, however, clearly sets forth a cause of action in negligence against the defendant Diocese only. (All three paragraphs of both counts are reproduced in note[3].) Intentional conduct, whether as principal tort-feasor or under the doctrine of respondeat superior, is a separate and distinct cause of action from negligence. See American National Fire Ins. Co. v. Schuss, 221 Conn. 768, 775
(1992); Keenan v. Yale New Haven Hospital, 167 Conn. 284, 286
(1974); Kostiuk v. Queally, 159 Conn. 91, 94 (1970). Further, the five allegations of the Diocese's negligence contained in paragraph 9 are each independent claims of negligence which do not require the plaintiffs to successfully prove a theory of vicarious liability under the doctrine of respondeat superior. Gutierrez v. Thorne, 13 Conn. App. 493, 499-500 (1988).
Thus, it is clear that the allegations contained in paragraphs 7 and 8 state a separate and distinct cause of action from those contained in paragraph 9. Further, they are distinctly demarcated by the former's dependence on the doctrine of respondeat superior. Accordingly, the plaintiffs' objections to Requested Revisions (A) and (C) are overruled.
Requested Revisions (B) and (D)
Requested Revisions (B) and (D) seek deletion of the last two allegations of negligence contained in paragraph 9 of each count, that is: "in that it failed to establish, maintain and enforce a policy of reporting, investigating and pursuing members of its clergy engaged in sexual misconduct; in that it failed to provide or enforce rules prohibiting clergy from having children in the bedrooms and private apartments of rectories and premises owned and controlled by it." The plaintiffs object to the requested deletions claiming that the quoted allegations regarding policies and rules are germane to the overall negligence asserted against the Diocese in paragraph 9 for failing to properly supervise and investigate the defendant Pcolka and allowing a continuing course of conduct. The court agrees. Accordingly, the plaintiffs' objections to Requested Revisions (B) and (D) are sustained.
The Diocese's concern that these allegations may open the door to the discovery of evidence of the private affairs of clergy other than the defendant Pcolka, while perhaps CT Page 4824 well-founded, is premature in the context of a Request to Revise. Such objections should be made at the time of discovery and nothing in this ruling should be deemed to preclude the defendant Diocese from making appropriate objections.
LINDA K. LAGER, JUDGE