[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO COMPEL (#118)
Before the court is the defendant's motion to compel the plaintiff to file a revised complaint. The motion is directed to the plaintiffs' second revised complaint, dated June 5, 1995, and is the result of an ongoing dispute between the parties over the manner in which the plaintiffs' have pleaded their cause of action.
The factual history of the case is as follows. This action was brought on behalf of the minor plaintiff, Samantha Mitchell, by her parents Robert and Jodi Mitchell (The Mitchell's). The original two count complaint (the original complaint), dated March 15, 1994, alleged that Robert and Jodi Mitchell entered into a contract with the defendant, Ensign Bickford Haz-Pros, Inc., wherein the defendant agreed to remove lead paint from the plaintiffs' residence. The first count alleged negligence, negligence per se, negligent hiring, negligent supervision, and negligent misrepresentation arising from the performance of the contract which caused the minor plaintiff to suffer lead poisoning. The second count incorporated the allegations of count 1 and alleged a separate violation of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110a et seq.
On November 1, 1994, the defendant filed a request to revise the original complaint which sought the differentiation and the separation of the apparent theories of liability into separate counts. The motion was heard by Judge Pellegrino on December 12, 1994. At this time, Judge Pellegrino indicated that the negligence, misrepresentation and CUTPA claims should be in separate counts. The motion was then marked off by agreement of the parties.
On May 2, 1995, the plaintiff filed a revised complaint which, once again, contained multiple causes of action within single counts: count 1 — negligence, negligence per se, negligent hiring, negligent supervision and negligent misrepresentation; count 2 — innocent misrepresentation; count 3 — fraud; count 4 — CUTPA violation for negligence, negligence per se, negligent hiring, negligent supervision and negligent misrepresentation; count 5 — CUTPA violation for innocent misrepresentation; count 6 CT Page 12572-P — CUTPA violation for fraud. On May 4, 1995, the defendant filed an objection to the revised complaint and argument was heard before Judge Sullivan on May 3, 1995. At that time, the court ordered the labeling of each count to set out what particular theory of law was set out in each count.
On June 5, 1995, the plaintiff filed the operative second revised complaint for the present motion to compel. The second revised complaint contains the following allegations: count 1 — negligence, negligent hiring, negligent training, negligent supervision, negligence per se and negligent misrepresentation; count 2 — innocent misrepresentation; count three — fraud; count four — CUTPA for negligence, negligent hiring, negligent training, negligent supervision, negligence per se and negligent misrepresentation; count five — CUTPA for innocent misrepresentation; and count 6 — CUTPA for fraud.
On July 31, 1995, the defendant filed the operative motion to compel, which seeks to force the plaintiff to file a revised complaint in compliance with Practice Book Sections 138 and 176 as well as with Judge Sullivan's order of May 3, 1995. In its motion to compel, the defendant alleges that counts one and four of the second revised complaint each contain multiple theories of liability in violation of both the Practice Book and Judge Sullivan's order. The defendant also alleges that the second revised complaint contains additional theories of liability, not previously pleaded, in violation of Practice Book Section 176. The plaintiff has filed a timely objection to the defendant's motion to compel.
In order to clearly present the legal issues raised by the defendant's motion to compel, the court will first deal with the alleged violation of Practice Book § 176 and then address each of the disputed counts separately.
Practice Book Section 176 provides in relevant part:
 Except as provided in Sec. 182, a party may amend his pleadings or other parts of the record or proceedings at any time subsequent to that stated in the preceding section in the following manner:
(a) By order of court; or
(b) By written consent of the adverse party; or CT Page 12572-Q
 (c) By filing a request for leave to file such amendment . . .
The defendant is presently moving to compel compliance with Judge Sullivan's order and Practice Book § 176. The defendant argues that the plaintiff has "improperly amended her complaint to add additional theories of liability without obtaining permission of the court pursuant to P.B. § 176." In both the revised and second revised complaints, the plaintiffs have added additional theories of liability which were not included in the original complaint. The revised complaint contains allegations of fraud and innocent misrepresentation which have also been included in counts two and three of the second revised complaint. Neither fraud nor innocent misrepresentation were alleged in the original complaint, and it appears the plaintiffs have at no time complied with the amendment procedure of Practice Book § 176. There is no indication in the file that these amendments were made either by order of the court or the consent of the defendant. Moreover, there is also no indication that the plaintiff has ever filed a request for leave to file an amendment to his original complaint. It is, therefore, apparent that the plaintiff has failed to comply with the Practice Book procedure for the amendment of pleadings. Accordingly, counts two and three of the second revised complaint are ordered deleted as non compliant with the Rules of Practice.
Under Connecticut Practice, the general rule is that separate causes of action must be plead in separate counts. Practice Book Section 138 provides:
 Where separate and distinct causes of action as distinguished from separate and distinct claims for relief founded on the same cause of action or transaction, are joined, the statement of the second shall be prefaced by the words Second Count, and so on for the others; and the several paragraphs of each count shall be numbered separately beginning in each count with the number one.
"A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." Gallo v. G. Fox Co., 148 Conn. 327, 330, CT Page 12572-R170 A.2d 724 (1961). "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." Id. If, however, the plaintiff's claims for relief grow out of a single occurrence or transaction or closely related occurrences or transactions they may be set forth in a single count and it does not matter that the claims for relief do not have the same legal basis. Burgess v. Vanguard Ins. Co., 192 Conn. 124,470 A.2d 244 (1984).
The defendant submits that count 1 of the second revised complaint contains multiple theories of liability in violation of both Judge Sullivan's order and Practice Book § 138. Count 1 of the second revised complaint, entitled "Negligence and Negligent Misrepresentation", contains the following allegations:
 24. The defendant was negligent in that it, and its agents, servants, representatives and/or employees:
 (a) failed to use due care to properly abate a known identified lead hazard at the residence;
 (b) failed to use due care in selecting and/or hiring appropriate people to abate the known, identified lead hazard at the residence;
 (c) failed to use due care in properly training and/or educating their agents, servants, representatives and/or employees in the proper and appropriate methods and techniques to use when attempting to repair, renovate and improve residences by attempting to abate known, identified lead hazards such as the one at the Mitchells' residence.
 (d) failed to use due care to properly supervise their agents, servants, representatives and/or employees attempting to repair, renovate and improve the Mitchell's, residence by attempting to abate a known, identified lead hazard from the residence.
 (e) failed to register with Connecticut State Department of Consumer Protection as required by Chapter 400 of the General Statutes of the State of Connecticut, CT Page 12572-S §§ 20-418 to 20-434, the Home Improvement Act;
 (f) repeated misrepresented the quality of the lead abatement it attempted and allegedly agreed to perform at the residence when it knew or should have known that it and its agents, servants, representatives and/or employees failed to sue due care in attempting to abate the lead from the Mitchell's residence, and when it knew or should have known the Mitchell's would and did in fact rely upon those misrepresentations, thus reentering and reinhabiting the residence with their minor daughter, Samantha, causing her to suffer exposures to the still existing dangerous hazardous and toxic lead at the residence; and
 (g) repeatedly misrepresented the habitability of the residence when it knew or should have known it failed it use due care to abate the lead hazard, knew or should have known the Mitchells would and did in fact rely upon those misrepresentations, and thus reentered and reinhabited the residence with their minor daughter, Samantha, causing her to suffer further exposures to the still existing dangerous, hazardous and toxic lead at the residence.
The court finds that this count contains multiple theories of liability and should split into three separate counts: (1) Subparagraphs (a)-(d) should be contained in a separate count which alleges negligence; (2) Subparagraph (e) should be separately alleged in a separate count so that its legal sufficiency may be independently tested; and (3) Subparagraphs (f) and (g) should be contained in a separate count which alleges negligent misrepresentation.
Subparagraphs (a)-(d) contain several allegations of common law negligence, but subparagraph (e) alleges negligence per se by violation of General Statutes §§ 20-418 to 20-434. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Bridgeport Hydraulic Co. v.Pearson, 139 Conn. 186, 197, 91 A.2d 778 (1952). "Unless the causes of action are both separable from each other and separable by some distinct line of demarcation a single count is appropriate . . . If the plaintiff's claims for relief grow outof a single occurrence or transactions or closely relatedCT Page 12572-Toccurrences or transactions they may be set forth in a singlecount and i t does not matter that the claims for relief do nothave the same legal basis. . . . Whether the conduct involves abreach of common law duty or a violation of one or more statutesor both there is but one cause of action." (Emphasis added.)Burgess v. Vanguard Ins. Co., 192 Conn. 124, 126, 470 A.2d 244
(1984). Although negligence and negligence per se may ordinarily be pleaded in a single count, the plaintiff's allegations do not grow out of the same transaction or occurrence. The Home Improvement Acts sets no standard of conduct for the removal of lead paint; instead, it provides for the licensing of home improvement contractors. The defendant's failure to comply with these registration requirements is a separate and distinct act from its conduct in removing the lead paint from the plaintiffs' home. Accordingly, subparagraphs (a)-(d) should be set out in a separate count from subparagraph (e) so that the legal sufficiency of that allegation of per se negligence may be tested for legal sufficiency.
Subparagraphs (f) and (g) allege negligent misrepresentation. The elements of this cause of action are summarized inD'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 217-18, 520 A.2d 217 (1987):
 One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused by them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
"Separate and distinct causes of action . . . must be such as are both separable by some distinct line of demarcation." (Citation omitted.) Veits v. Hartford, 134 Conn. 428, 438 (1948). "It is only when causes of action, that is, the groups of facts upon which the plaintiff bases his claims for relief, are separate and distinct that separate counts are necessary or indeed ordinarily desirable." Burns v. Koellmer, 11 Conn. App. 375, 527 A.2d 1210
(1987). Negligent misrepresentation, negligence and negligence per se each have their own set of essential elements. Negligent misrepresentation is a separate and distinct cause of action from both negligence and negligence per se. Accordingly, the allegations of subparagraph (f) and (g) should be set forth in a separate count of the second revised complaint. CT Page 12572-U
The defendant argues that count four of the second revised complaint also contains multiple theories of liability. Count Four of the second revised complaint, entitled "CUTPA Violation For Negligence Negligent Misrepresentation", contains the following allegations:
 1.-24. Paragraphs 1 through 24 of the First Count are made paragraphs 1 through 24 of this count.
 25. The acts of the defendant as set forth in paragraphs 1 through 24 above constitute unfair acts and/or practices in violation of Connecticut's Unfair Trade Practice Act (Conn. Gen. Stat. §§ 42-110a et seq.)
 26. The injuries and losses suffered by the Mitchells' minor daughter as set forth in paragraph 23 above are a direct and proximate result of the defendant's unfair and/or deceptive acts and/or practices.
 27. As a further direct and proximate result of the defendant's unfair and/or deceptive acts and/or practices as set forth above, the Mitchells' minor daughter has incurred and will continue reasonable attorneys fees and the costs of this litigation.
The Connecticut Unfair Trade Practices (CUTPA) was enacted by the Connecticut General Assembly in 1973. General Statutes §42-110b(a) provides in relevant part: "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110g(a) provides in part "[a]ny person who suffers any ascertainable loss of money or property. . . as a result of the use or employment of a method, act or practice prohibited by section 42-110b, amy [any] bring an action. . . to recover actual damages."
In count four, the plaintiff incorporates the allegations of negligence, negligence per se and negligent misrepresentation contained in count 1 into a single count entitled "CUTPA violation for negligence and negligent misrepresentation." Each of these underlying violations, in conjunction, arguably serve to plead the existence of the requisite unfair trade practices for a CUTPA claim and that, therefore, count four complies with CT Page 12572-V Practice Book § 138. Accordingly, the defendant's motion to compel is denied as to this count.
/s/ Flynn, J. FLYNN