[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On June 1, 1994, the plaintiff, Gloria McGinnis, filed a one CT Page 9442 count complaint alleging a cause of action in negligence against the defendant, Yale University. The plaintiff alleges that on May 30, 1992, she was walking through the interior of the Sterling Memorial Library when a library table collapsed and fell on the plaintiff causing her to receive various injuries.
On January 16, 1996, the plaintiff filed a request for leave to file an amended complaint alleging that the accident occurred in the Timothy Dwight College and not in the Sterling Memorial Library. The court permitted the plaintiff to file the amendment without prejudice to the defendant's right to raise the statute of limitations as a special defense to the amended complaint.McGinnis v. Yale University, Superior Court, judicial district of New Haven, Docket No. 361530 (March 4, 1996, Licari, J.). The plaintiff then amended her complaint again on February 5, 1996. The defendant filed an answer to this complaint and special defenses on April 2, 1996. By way of its second special defense, the defendant alleges that the plaintiff's amended complaint is barred by the two year statute of limitations contained in General Statutes § 52-584.[1]
On June 21, 1996, the defendant filed a motion for summary judgment on its second special defense. The defendant argues that the plaintiff's amended complaint alleges a new cause of action since the plaintiff changed the location of the accident from the Sterling Memorial Library to the Timothy Dwight College. According to the defendant, since the amended complaint alleges a new cause of action, the filing of this amended complaint does not relate back to the original complaint. Therefore, the defendant argues that the statute of limitations contained in § 52-584 bars the plaintiff's action under her new amended complaint since it was filed more than two years after the plaintiff sustained her injuries.
On September 27, 1996, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment. The plaintiff argues that her amended complaint does not allege a new cause of action and, therefore, the amended complaint relates back to the date when she filed the original complaint.
DISCUSSION
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any CT Page 9443 material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994).
"An amendment to a complaint relates back to the institution of the action for some purposes . . . but when it sets up a new and different cause of action it speaks as of the date when it is filed." (Citations omitted.) Kelsall v. Kelsall, 139 Conn. 163,165, 90 A.2d 878 (1952). "The test for determining whether or not a new cause of action has been alleged is somewhat nebulous."Jonap v. Silver, 1 Conn. App. 550, 556, 474 A.2d 800 (1984). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." (Internal quotation marks omitted.) Burgess v. Vanguard Ins. Co., 192 Conn. 124, 125,470 A.2d 244 (1984). "A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." (Internal quotation marks omitted.) Id., 125-26.
Connecticut's relation back "doctrine is akin to rule 15(c) of the Federal Rules of Civil Procedure. . . ." Giglio v.Connecticut Light Power Co., 180 Conn. 230, 239, 429 A.2d 486
(1980). "Rule 15(c) is based upon the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford." (Internal quotation marks omitted.) Giglio v. Connecticut Light Power Co., supra,180 Conn. 240.
In Conry v. Baltimore O.R. Co., 95 F. Sup. 846 (1951), rev'd on other grounds, 195 F.2d 120 (1952), the plaintiff alleged that his accident occurred "in the Borough of Braddock where Ninth Street crosses the right of way of defendant. . . ." Id., 848. During the trial, the plaintiff introduced evidence demonstrating that the accident occurred 100 feet away from the Ninth Street crossing. Id. The court permitted the plaintiff to amend the CT Page 9444 complaint to conform to the evidence. Id., 848-49. The defendant objected stating that the "amendment stated a new cause of action, and plead surprise." Id., 849.
The court stated that "[t]he original complaint gave notice to the defendant of the nature of the claim and, from the investigation made by the defendant, it was fully aware as to where the accident occurred." Id. The court concluded that "the amendment did not set forth a new or different cause of action, nor did it set forth any different state of facts than were presented in the original complaint which gave the defendant notice of all the relevant facts in the case." Id. Moreover, the court stated, "[w]here identity of the cause of action remains substantially the same, an amendment of a pleading will take effect by relation and thus relieve against the bar of an intervening limitation. . . . There was only one accident and the injuries which resulted therefrom, and the only change is the difference in details as to the place of infliction on the right of way of the defendant." Id., 849-50. Accordingly, the court found that the amendment related back to the filing of the original action. Id.
In Kelcey v. Tankers Company, 217 F.2d 541 (1954), the court found that an amendment changing the location of the incident related back to the date of the original complaint. The plaintiff, a seaman, originally alleged that he was attacked by a fellow seaman on the defendant's vessel, Mission San Francisco. Id. At the opening of trial, the court permitted the plaintiff to amend his complaint to allege that the attack occurred on the defendant's vessel, U.S.N.T. Tomahawk. Id., 542-43. The defendant argued that the amended complaint did not relate back to the date of the original complaint, and, therefore, the statute of limitations barred the plaintiff's action. Id., 543.
The court disagreed and stated, "[b]oth vessels were operated under contracts with the United States. The true facts as to the time and place of the assault were known to, or could reasonably have been ascertained by, the defendant, whereas the judge found that plaintiff had suffered from recurrent amnesia, which made it difficult for him to, remember the true facts. . . ." Id. The court concluded that the amendment related back to the original complaint. Id.
In Harastej v. Reliable Car Rental, Inc., 58 F.R.D. 197, 198
(1972), the plaintiff originally alleged that he received damages CT Page 9445 as a result of an accident that occurred at 1022 Ashford Avenue. The plaintiff then filed an amended complaint alleging that the accident occurred at 1010 Ashford Avenue. Id. The defendant argued that this amendment did not relate back to the original complaint, and, therefore, the statute of limitations barred the action. Id.
The court, however, stated that "[t]he mere correction of a mistake in the complaint by amendment relating to facts as to time and place, do not set up a new claim for relief and, therefore, relate back to the date of the original complaint." Id. Therefore, the court permitted the amendment. Id., 199.
In the present case, the defendant relies on Sharp v.Mitchell, 209 Conn. 59, 546 A.2d 846 (1988), Gallo v. G. Fox Co., 148 Conn. 327, 170 A.2d 724 (1961), and Patterson v. SzaboFood Service of New York, Inc., 14 Conn. App. 178, 540 A.2d 99, cert. denied, 208 Conn. 807, 545 A.2d 1104 (1988) in support of its motion for summary judgment. These cases, however, can be distinguished from the present situation.
The plaintiffs, in Sharp v. Mitchell, originally alleged that the defendants intentionally and/or negligently caused the death of the plaintiffs' decedents by ordering the decedents into an underground area without adequate ventilation. Sharp v. Mitchell,
supra, 72-73. In the amended complaint, the plaintiffs alleged that the defendants were liable because they negligently designed the underground area. Id., 73. The court held that the amendment alleged a new cause of action and, therefore, it did not relate back to the original complaint. Id.
In Gallo v. G. Fox Co., the plaintiff filed a complaint alleging that the defendant negligently maintained, operated and controlled one of its escalators. Gallo v. G. Fox Co., supra, 331. The plaintiff then filed a substituted complaint alleging that her injuries were caused by "the negligence of the defendant in failing to remove from the floor a piece or pieces of candy and other foreign sticky substances. . . ." (Internal quotation marks omitted.) Id. The court disallowed the amendment and dismissed the action for the plaintiff's failure to prosecute. Id. The plaintiff attempted to refile the suit under General Statutes § 52-592,[2] but, the court disallowed this action because the complaint alleged the same facts contained in the amended complaint. Id., 332. According to the court, the newly filed complaint did not relate to the prior original complaint CT Page 9446 since the plaintiff pleaded a totally new set of facts. Id. Therefore, the court did not permit the new action to proceed. Id.
In Patterson v. Szabo Food Services of New York, Inc., supra,14 Conn. App. 181, the plaintiff originally alleged that he received injuries because the defendant failed to clean spilled food off of the floor. The plaintiff then filed an amended complaint alleging that the defendant caused his injuries because the defendant installed a highly polished and slippery terrazzo floor and that installing and maintaining such a floor created a defective and dangerous condition. Id., 181-82. The court stated that "[t]he original cause of action was based upon a claim that the defendant failed to clean the floor and keep it free of food deposits. The new cause of action is based upon a claim that the defendant installed or maintained a highly polished and slippery terrazzo floor and employed a method of food distribution which created a dangerous condition on the slippery floor." Id., 183. The court, therefore, found that the amendment did not relate back to the original complaint. Id.
In Sharp v. Mitchell, Gallo v. G. Fox Co., and Patterson v.Szabo Food Service of New York, all of the plaintiffs originally alleged one set of facts and then alleged a totally new set of facts to establish liability. See Sharp v. Mitchell, supra,209 Conn. 72-73 (from alleging negligence in ordering the plaintiff's decedents into an underground area to alleging negligent design of such area); Gallo v. G. Fox Co., supra, 148 Conn. 331-32 (from alleging failure to maintain an escalator to alleging failure to clean the floor); Patterson v. Szabo Food Service ofNew York, supra, 14 Conn. App. 181-83 (from alleging failure to clean the floor to alleging negligence in installing and maintaining a highly polished floor.). The present case is inapposite to the situations contained in these cases. In this case, the plaintiff originally alleged that she was injured by a defective table owned by the defendant and located in the Sterling Memorial Library. In the amended complaint, the plaintiff continues to allege that her injuries were caused by the defective table. The plaintiff's only change is that the table was located in the defendant's Timothy Dwight College. The single group of facts alleged in the original complaint demonstrating an "existence of a primary right in the plaintiff" and an "invasion of that right by some delict on the part of the defendant" have not changed in the amended complaint. Burgess v.Vanguard Ins. Co., supra, 192 Conn. 125. The only change is the CT Page 9447 table's location of which the defendant knew through its investigator. Accordingly, it is submitted that the present case is analogous to Conry v. Baltimore O.R. Co., Kelcey v. TankersCompany, and Harastej v. Reliable Car Rental, Inc. because the only change in the amended complaint is the location of the accident and the defendant knew all along that the accident occurred in the other location.[3] Therefore, the defendant has been placed on notice of the plaintiff's cause of action and will not be prejudiced in defending a stale claim.
The court denies defendant's Motion For Summary Judgment.
Kevin P. McMahon, Judge