[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants Blocksom and Company and Olympic Bedding Manufacturing have moved to strike the fourth and sixth counts of the plaintiff's complaint, both of which are brought under the Connecticut Unfair Trade Practices Act, ("CUTPA"), General Statutes § 42-110a et seq. They contend that these CUTPA counts are barred by the exclusivity provision of the Connecticut Product Liability Act, ("CPLA"), General Statutes § 52-572m
et seq.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). The motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263
(1965); and the allegations are to be given the same favorable construction as a trier of fact would be required to give in admitting evidence under them. Benson v. Housing Authority,145 Conn. 196, 199 (1958). The court is, however, limited to the facts alleged in the complaint. Waters v. Autori, 236 Conn. 820,825 (1996).
General Statutes § 52-572n(a) provides, "A product liability claim . . . shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." Our Supreme Court has held that the CPLA provides the exclusive remedy for claims falling within its scope; the court affirmed the trial court's granting of a motion to strike all of the common law counts in a product liability complaint. Winslow v.Lewis-Shepard, Inc., 212 Conn. 462, 471 (1989). Neither of our appellate courts has ruled as yet whether § 52-572n(a) bars a statutory cause of action under CUTPA in a product liability CT Page 2530 complaint. The many Superior Court decisions addressing this issue are divided, some holding that a CUTPA claim cannot be joined with a CPLA claim, others concluding that it can.
Based on the statutory construction of § 52-572n, this court holds that the plaintiff is not precluded from raising a CUTPA claim in addition to her product liability claim under CPLA. In construing a statute, the court's objective is to ascertain and give effect to the intent of the legislature. Coleyv. Camden Associates, Inc., 243 Conn. 311, 318 (1997). To do so, "we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement and to its relationship to existing legislation and common law principles governing the same general subject matter . . ." (Citations omitted; internal quotation marks omitted.) Id.
The court notes first that § 52-572n(a) does not expressly preclude a CUTPA cause of action nor any other statutory cause of action. The examples of claims expressly precluded in the statute are all common law causes of action: negligence, strict liability and warranty. At the time §52-572n was adopted in 1979, our CUTPA statutes were already enacted. The court can presume that laws are enacted in view of existing statutes and that the legislature created a consistent body of law. Hunnihan v. Mattatuck Manufacturing Co.,243 Conn. 438, 444 (1997). Because § 52-572n was adopted when the CUTPA statutes already existed and the CUTPA cause of action was not expressly precluded in the statute, the court presumes that the legislature did not intend to preclude the joining of a CUTPA claim with a claim under CPLA.
The legislative history of CPLA confirms that the legislature did not intend to bar CUTPA claims in product liability actions. During the legislative debate concerning the exclusivity provision in CPLA, Senator DePiano, a proponent of the bill, stated, "Section 2 sets forth that the Bill is intended as a substitute for prior theories for harm caused by a product. This section is intended to cut down on the number of counts in a complaint for injuries caused by a product. It is not intended toaffect other state statutory schemes such as anti-trust or thestate unfair trade practices act." (Emphasis added.) 22 S. Proc., Pt. 14, 1979 Sess., p. 4637, remarks of Senator Salvatore C. DePiano. This court accordingly concludes that § 52-572n does not bar a CUTPA claim in a CPLA action. The motions to strike the CT Page 2531 fourth and sixth counts of the complaint on the grounds that CUTPA counts cannot be pleaded in a CPLA action are denied.
The defendants have also moved to strike the fourth and sixth counts of the complaint on the basis that these counts are not alleged with sufficient particularity. It is true that a CUTPA claim must be pleaded with particularity so that the court can evaluate the legal theory on which the claim is based. S.M.S.Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 797 (1993). The case before the court arises out of the purchase by the plaintiff of a mattress that was allegedly infested with insects and insect larvae and eggs. She alleges in the fourth and sixth counts of her complaint that through advertising and labels, these defendants represented that the mattress was made of "new, clean, non-organic and sterile materials . . ." when in fact it was not. These alleged misrepresentations are sufficiently alleged. The motions to strike are denied on this basis also.
VERTEFEUILLE, J.