[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants Richard Kostecki, M.D. and Waterbury Hospital have moved to strike the second and sixth counts of the plaintiff's complaint, which allege res ipsa loquitur. The defendants contend that these counts do not state a cause of action that is separate and distinct from the negligence counts that are also alleged against these defendants.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; Ferryman v.Groton, 212 Conn. 138, 142 (1989). The motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263
(1965); and the allegations are to be given the same favorable construction as a trier of fact would be required to give in admitting evidence under them. Benson v. Housing Authority,145 Conn. 196, 199 (1958). The court is limited, however, to the facts alleged in the complaint. Waters v. Autori, 236 Conn. 820,825 (1996).
A cause of action is a single group of facts that is alleged to have brought about an unlawful injury entitling the plaintiff to relief. Burgess v. Vanguard Ins. Co., 192 Conn. 124, 125
(1984). The right to sue arises out of the infringement by the defendant of a right of the plaintiff; the facts that establish the right and its infringement constitute the cause of action. Id., 125-126.
The doctrine of res ipsa loquitur allows the trier of fact to CT Page 6125 infer negligence based on the circumstances of an incident even though no direct evidence of negligence has been introduced.Giles v. New Haven, 228 Conn. 441, 446 (1994). The doctrine is one application of the general rule that negligence can be established by circumstantial evidence. Id. Res ipsa is not a cause of action separate from negligence; it is instead one of the ways to establish negligence. Goodrich v. Jennings, Superior Court, judicial district of Stamford Norwalk at Stamford, Docket No. CV96-0150074S(May 22, 1997). Res ipsa cannot survive independently as a separate count for negligence in a complaint that already contains a negligence count. Estate of Shrader v.Atlantic Coast Cable, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV93-301114S(June 28, 1993).
The plaintiff in this action has pleaded both a negligence count and a res ipsa count against each defendant. Under these circumstances the res ipsa counts are legally insufficient. The motions to strike the second and sixth counts of the complaint are granted.
VERTEFEUILLE, J.