[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiff, Gerald Kristofak, conservator of the estate of Jennifer Held, filed a four count revised complaint against the defendants, General Motors Corp. (GM) and Salem, Inc. (Salem), on May 6, 1998. In the first count, the plaintiff alleges that in March, 1994, Jennifer Held (Held) purchased an automobile from Salem that was manufactured by GM. The plaintiff further alleges that Held was operating said automobile on February 15, 1999, when the braking system failed, causing the vehicle to go out of control, and to strike a rock wall, a tree and a pole. The plaintiff alleges that Held obtained and suffered from severe injuries to CT Page 7683 her head and brain, severe shock, and post-traumatic stress disorder as a result of the defective and unreasonably dangerous braking system in the automobile, and that GM is responsible for said personal injuries and losses pursuant to the Connecticut Product Liability Act (CPLA), General Statutes §§ 52-572m et seq. The plaintiff alleges that the defect in the vehicle's braking system existed when the vehicle was put into the stream of commerce by GM.
In the third count, the plaintiff alleges that GM engaged in false, misleading and deceptive acts or practices in the manufacture, supply and sale of said vehicle in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §§ 42-110a et seq., because GM has failed to comply with express and implied warranties regarding the condition of said vehicle, created a dangerous condition by placing said vehicle in the stream of commerce when it knew or should have known of the defective braking system, and engaged in practices in direct opposition to Connecticut's public policy. The second and fourth counts regarded Salem, and Salem was granted nonsuit against the plaintiff for failure to comply with discovery requests on January 7, 1999.
GM filed a motion to strike the third count of the complaint on June 3, 1998. Pursuant to Practice Book § 10-42, GM has filed a memorandum of law in support of its motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded." R.K.Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153
(1994). "The court must construe the complaint most favorably to the plaintiff." (Internal quotations omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 580. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted.) PamelaB. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
"A plaintiff may be nonsuited [on motion of the defendant] as to one of several divisible causes of action without affecting his right to proceed as to others." Burgess v. Vanguard Insurance Co., 192 Conn. 124, 127
n. 1, 470 A.2d 244 (1984). A plaintiff may be nonsuited as to one cause of action against a defendant without affecting the other cause of action against another defendant. Therefore, the plaintiff herein may pursue the action against GM even though Salem was granted a judgment of nonsuit against the plaintiff. CT Page 7684
GM seeks to strike count three on the ground that the CUTPA claim is precluded by the exclusivity prevision of the CPLA. General Statutes § 52-572n(a) provides: "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." "The legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shephard, inc., 212 Conn. 462, 471,562 A.2d 517 (1989). See Elliot v. Sears Roebuck Co., 229 Conn. 500,504-5, 642 A.2d 709 (1994). "The issue presented, therefore, is whether the plaintiff's [CUTPA] claims . . . fall within the scope of the CPLA."Bertucci v. General Motors Corp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 146602 (May 29, 1998, D'Andrea,J.) (22 Conn.L.Rptr. 261). Yet, "[w]hether a CUTPA claim may be pleaded in conjunction with a CPLA claim has not as yet been addressed by the Connecticut appeals courts. Further . . . there is a split of authority among the Superior Courts that have addressed this issue, where three prevailing views have been expressed." Id.; Mencio v. Rich FurnitureSurplus, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 139051 (March 31, 1998, Lopez, J.).
Superior Courts have taken the view that a CUTPA count is barred by the CPLA exclusively provision, and should be stricken. See e.g. Hoboken WoodFlooring Corp. v. Torrington Supply Co., 42 Conn. Sup. 153, 156,606 A.2d 1006 (1991); Leach v. Minnesota Mining Mfg. Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059244 (February 19, 1998, Flynn, J.) (21 Conn.L.Rptr. 314).
Superior Courts have also taken the view that the CPLA does not preclude a CUTPA claim irrespective of how the claim is pleaded. "[C]ourts have stressed the statutory nature of the CUTPA cause of action and have determined that the exclusivity provision of the product liability act was designed to preclude only common law causes of action such as negligence, strict liability and the like. . . . The theory in these cases is that because the CUTPA claim at issue in this case is a statutory cause of action, it falls outside the purview of CPLA." (Citations omitted; internal quotation marks omitted.) Abbhi v. Ami, Superior Court, judicial district of New Haven, Docket No. 382195 (June 3, 1997, Silbert, J.) (19 Conn.L.Rptr. 493). Other courts have stressed that "[t]he legislature enacted CUTPA prior to its enactment of the Product Liability Act in 1979. Because § 52-572n was adopted when the CUTPA statutes already existed and the CUTPA cause of action was not expressly precluded in the statute, the court presumes that the legislature did not intend to preclude the joining of a CUTPA claim with a claim under CPLA. Gaetano v. Reich, Superior Court, judicial district CT Page 7685 of Waterbury, Docket No. 142920 (March 11, 1998, Vertefuille, J.) [21 Conn.L.Rptr. 536][1]. See Lynn v. Haybuster Mfg., Inc., 226 Conn. 282,627 A.2d 1288 (1993). See also Hunnihan v. Mattatuck Mfg. Co.,243 Conn. 438, 444, 705 A.2d 1012 (1997). ("[W]e presume that laws are enacted in view of existing relevant statutes . . . and that [s]tatutes are to be interpreted with regard to other relevant statutes because the legislature is presumed to have created a consistent body of law")."Priest v. Mattress Wholesalers, Superior Court, judicial district of Waterbury, Docket No. 143424 (June 12, 1998, Gill, J.). "[T]here is some support in the legislative history of the [C]PLA for the proposition that the exclusivity provision does not bar CUTPA claims. Addressing the exclusivity provision of the [C]PLA during debate of the bill, Senator DePiano commented: Section 2 sets forth that the Bill is intended as a substitute for prior theories for harm caused by a product. This section is intended to cut down on the number of counts in a complaint for injuries caused by a product. It is not intended to affect other state statutory schemes such as anti-trust or the state unfair trade practices act." (Citations omitted; internal quotation marks omitted.) J.B. Tropp 
J. H. Rotondo, "The Preclusive Effect of the Connecticut Product Liability Act on Connecticut Unfair Trade Practice Act Claims," 70 Conn. B.J. 333, 342 (1996). See also Gaetano v. Reich, supra,21 Conn. L. Rptr. 536
("The legislative history of CPLA confirms that the legislature did not intend to bar CUTPA claims in product liability"). Nevertheless, "[a]t the time Senator DePiano stated that the [C]PLA was not intended to affect CUTPA claims, no reported case existed involving a CUTPA claim brought to redress harm caused by a product." J.B. Tropp J. H. Rotondo, supra, 70 Conn. B.J. 343.
"The third view [that Superior Courts have taken] applies a "functional analysis' test . . [that] holds that the CPLA precludes any claim that is basically co-extensive with or functionally identical to a simultaneously pleaded product liability claim. This view involves an analysis of the subject pleadings." (Citations omitted; internal quotation marks omitted.) Bertucci v. General Motors Corp., supra,22 Conn.L.Rptr. 261, quoting Khouri v. Garden Way, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 151045 (September 22, 1997,Karazin, J.) (20 Conn.L.Rptr. 221); see Mencio v. Rich FurnitureSurplus, supra, Superior Court, Docket No. 139051; Fiondella v. ChryslerMotors Corp., Superior Court, judicial district of Hartford-New Britian at New Britian, Docket No. 469048 (March 13, 1996, Fineberg, J.) (16 Conn.L.Rptr. 375). The split in Superior Court decisions may reflect a "growing consensus toward an appropriate application of the functional equivalency test." Abbhi v. Ami, supra, 19 Conn.L.Rptr. 493. "The functional analysis test recognizes the distinction between the issues of manufacture, design, and marketing addressed by the [C]PLA and the issues of conduct addressed by CUTPA, while at the same time acknowledging the CT Page 7686 exclusivity of the [C]PLA where warranted." Newinski v. Hill, Superior Court, judicial district of Litchfield, Docket No. 074906 (January 15, 1998, Pickett, S.J.R.), quoting Fiondella v. Chrysler Motors Corp., supra, 16 Conn.L.Rptr. 375. "Under the functional analysis test, if the cause of action being pressed is essentially identical — in wrongs asserted and in relief sought — with that being pursued under the [C]PLA's scope and must be precluded. A plaintiff who pleads a CUTPA claim along with a product liability claim must plead separate factual allegations in support of his CUTPA claim. Allegations set forth in the product liability count, and incorporated by reference into the CUTPA count, that are beyond the allegations necessary to support the product liability count, would be sufficient to allow the court to hold that [the] CUTPA claim is not functionally identical. . . . Geissler v. FordMotor Co., Superior Court, judicial district of Litchfield, Docket No. 061600 (February 24, 1994, Dranginis, J.) (10 Conn.L.Rptr. 619)."Newinski v. Hill, supra, Superior Court, Docket No. 074906.
Having considered the relevant fact in this case, the court finds that the motion to strike count three of the revised complaint should be denied because the plaintiff alleges that GM engaged in "false, misleading and deceptive acts or practices" to sustain an action under CUTPA, and are not required to sustain a product liability claim. "A plaintiff who pleads a CUTPA claim along with a product liability claim must plead separate factual allegations in support of his CUTPA claim. Allegations set forth in the product liability count, and incorporated by reference into the CUTPA count, that are beyond the allegations necessary to support the product liability count, would be sufficient to allow the court to hold that [the] CUTPA claim is not functionally identical."Newinski v. Hill, supra, Superior Court, Docket No. 074906. This view accords with the decisions that state that the CPLA does not preclude a CUTPA claim irrespective of how the claim is pleaded because the statutes have different purposes. CUTPA was passed to address unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce, and the CPLA addresses issues of manufacturing and design of products.
For the foregoing reasons, the defendant General Motors Corporation's motion to strike the third count of the plaintiff's revised complaint dated May 4, 1998 is hereby denied.
By the Court
Joseph W. Doherty, Judge