MARIO CARRIER ET AL. *v.* GERARD RODRIGUE ET AL.
(2719)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued January 10—decision released March 19, 1985

*John W. Lemega,* with whom, on the brief, was *Richard C. Tynan,* for the appellants (defendants).

*Neil F. Murphy,* for the appellees (plaintiffs).

SPALLONE, J. This action was brought on behalf of a minor child to recover for injuries to the child allegedly caused by the breaking of a glass panel in the back door of an apartment which the child's parents rented from the defendants. After a jury trial, a verdict was returned for the plaintiffs. The defendants have appealed from the judgment rendered on the verdict.

The sole issue before us is whether the trial court erred in denying the defendants' motion for a directed verdict and motion to set aside the verdict. The defendants argue that the plaintiffs failed to offer any evidence from which the jury could reasonably infer a causal relationship between the defendants' alleged negligence and the minor child's injury.

Our review of the denial of both a motion for a directed verdict and a motion to set aside a verdict is limited. As to each, the evidence will be given the construction most favorable to support the verdict. *State v. Ruiz,* 171 Conn. 264, 275, 368 A.2d 222 (1976) (denial of motion for a directed verdict); *Kalleher v. Orr,* 183 Conn. 125, 126–27, 438 A.2d 843 (1981) (denial of motion to set aside a verdict). The trial court's ruling is entitled to great weight because of its familiarity with the facts and circumstances of the case. *Neilson v. D'Angelo,* 1 Conn. App. 239, 244, 471 A.2d 965, cert. dismissed, 193 Conn. 801, 474 A.2d 1259 (1984). In this case, our examination of the evidence[1] leads us to conclude that the plaintiffs' case was sufficient to be presented to the jury; *Buckley v. Lovallo,* 2 Conn. App. 579, 584, 481 A.2d 1286 (1984); and that the jury could reasonably have decided as it did. *Kalleher v. Orr,* supra; *LaFaive v. DiLoreto,* 2 Conn. App. 58, 59–60, 476 A.2d 626 (1984).

There is no error.

In this opinion the other judges concurred.

---

[1] The evidence included testimony that the plaintiffs had expressed concern to the defendants about the safety of the glass panel on several occasions; that the defendants retained control of the door and its component parts; that the glass panel was one-eighth of an inch thick and did not have a protective grill; and that, according to an expert witness, the glass panel presented a safety hazard.