## Souper Spud, Inc. *v.* Aetna Casualty & Surety Company
### (3177)

Dupont, C. J., Hull and Spallone, Js.

Argued October 3—decision released December 10, 1985

*Bernard Green,* with whom, on the brief, was *Joel Z. Green,* for the appellant (plaintiff).

*Arnold J. Bai,* with whom, on the brief, was *Garie J. Mulcahey,* for the appellee (defendant).

SPALLONE, J. The plaintiff has appealed from a judgment rendered for the defendant in accordance with a directed verdict as to one portion of the plaintiff's revised complaint, and from a judgment rendered following a jury verdict as to the remainder of the revised complaint.

Between November 3 and November 4, 1981, a restaurant owned and operated by the plaintiff was virtually destroyed by fire. The plaintiff sought to recover on a multiperil insurance policy issued by the defendant which covered losses resulting from fire or other casualties. The defendant refused to pay the plaintiff, claiming, among other things, that the plaintiff and its agents misrepresented material facts regarding the loss and that such loss was caused, directly or indirectly, by the actions of one or more of the plaintiff's agents.

The plaintiff's first claim of error is that the trial court should not have overruled the plaintiff's objection to the defendant's request to revise the plaintiff's amended complaint.

The amended complaint consisted of one count which contained claims based upon breach of contract and bad faith business conduct on the part of the defendant. The defendant requested that the plaintiff revise its amended complaint by separating the breach of contract claim and the tort claim into two counts. The plaintiff's objection to the revision was that both claims arose out of a single occurrence and did not necessitate two counts. Pursuant to the trial court's action, however, the plaintiff revised its amended complaint.

The dispositive question raised by this claim of error is whether the plaintiff should have failed to revise and allowed judgment to be rendered against it in order to preserve the claim for appeal.

Any party may request the separation of causes of action which, although properly united in one complaint, are improperly combined in one count.[1] Practice Book § 147 (3). If the trial court overrules an objection to such a request, the objecting party is allowed fifteen days within which to file a substitute pleading complying with the court's order. Practice Book § 149. By filing a substitute pleading, the plaintiff escapes an adverse judgment on the original pleading, and also abandons any claim based upon the original pleading. See *Royce* v. *Westport,* 183 Conn. 177, 179, 439 A.2d 298 (1981); *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 554, 227 A.2d 418 (1967).

Where the objecting party fails to file a substitute pleading, a default judgment or judgment of nonsuit may enter; Practice Book § 363; *Rodriguez* v. *Mallory Battery Co.,* 188 Conn. 145, 147–48, 448 A.2d 829 (1982); after which the objecting party may seek appellate review of the court's ruling. See, e.g., *Burgess* v. *Vanguard Ins. Co.,* 192 Conn. 124, 124–25, 470 A.2d 244 (1984); *Rodriguez* v. *Mallory Battery Co.,* supra, 149–51; *Purdy* v. *Watts,* 91 Conn. 214, 218, 99 A. 496

---

[1] "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 197, 91 A.2d 778 (1952). Where separate and distinct causes of action are properly joined in one complaint, each should be contained in separate counts. Practice Book § 138; *Burgess* v. *Vanguard Ins. Co.,* 192 Conn. 124, 125, 470 A.2d 244 (1984). Conversely, claims for relief which grow out of a single occurrence or transaction or those which are closely related may properly be set forth in a single count, notwithstanding the legal basis upon which the claims are predicated. *Burgess* v. *Vanguard Ins. Co.,* supra, 126, citing *Veits* v. *Hartford,* 134 Conn. 428, 438–39, 58 A.2d 389 (1948).

(1916). Requiring the objecting party to elect to follow this procedure prevents the unnecessary prolongation of litigation and promotes the efficient use of judicial resources. See *Royce* v. *Westport, supra.* We conclude, therefore, that the plaintiff, by electing to replead in accordance with the court's ruling on the defendant's request to revise, waived its right to claim error in such ruling.

The plaintiff's second claim is that the trial court erred in allowing the deposition of a defense witness into evidence, without a sufficient factual foundation to show that the witness was unavailable. At trial, the defendant sought to introduce into evidence the deposition of Susan Fowler, who was employed as a waitress at the plaintiff's restaurant at the time of the fire. The deposition was taken by the defendant in North Carolina several months prior to the trial. Fowler testified in the deposition that she was then a resident of Virginia although she refused to divulge her exact address. Counsel for the plaintiff was present at the deposition and was afforded full opportunity for cross-examination.

The plaintiff's claim of error rests on its interpretation of Practice Book § 248 (1) (d). This provision provides, in pertinent part, that "[t]he deposition of a witness . . . may be used by any party for any purpose if the court finds . . . that the witness is at a greater distance than thirty miles from the place of trial or hearing, or is out of the state and will not return before the termination of the trial or hearing . . . ." The plaintiff argues that there was no evidence introduced from which the court could make a finding as to the admissibility of the deposition.

While arguing against the admissibility of the deposition, the plaintiff's attorney represented to the court that he had information that the deponent was, at the

time of trial, living in Bridgeport. He made no further offer in this regard, and possessed no means by which to locate her. After extensive argument by both parties, the trial court found that the witness was out of state and admitted the deposition into evidence. The plaintiff's attorney was present at the deposition and was afforded full opportunity to cross-examine the witness. Moreover, the court's decision to admit the deposition did not preclude the plaintiff from objecting to the deposition or any part thereof on those grounds which would require the exclusion of the evidence if the witness testifed in court. Practice Book § 248 (2). Under these circumstances, we conclude that the court was justified in concluding from the deposition itself that the witness was out of state and in admitting the deposition into evidence.

The plaintiff's third claim of error is that the trial court erred in granting the defendant's motion for a directed verdict as to the tort claims of the plaintiff.

At the close of the plaintiff's evidence, the court granted the defendant's motion for a directed verdict as to the entire second count and specific paragraphs of the first count of the revised complaint leaving, in essence, the breach of contract claim to be decided by the jury.

Although not favored, a directed verdict is proper when the jury could not reasonably and legally reach any other conclusions than that embodied in the verdict as directed. *Puro* v. *Henry,* 188 Conn. 301, 303, 449 A.2d 176 (1982); *Kegel* v. *McNeely,* 2 Conn. App. 174, 177, 476 A.2d 641 (1984). On review, the court will consider all the evidence and reasonable inferences in the light most favorable to the plaintiff. *Puro* v. *Henry,* supra; *Sestito* v. *Groton,* 178 Conn. 520, 522, 423 A.2d 165 (1979); *Kegel* v. *McNeely,* supra.

A review of the relevant portions of the transcript reveals that, at the close of the plaintiff's evidence, the plaintiff had not produced any evidence in support of the allegations relating to the alleged tortious conduct of the defendant. The trial court has a duty not to submit any issue to the jury upon which the evidence would not support a finding. *Batick* v. *Seymour,* 186 Conn. 632, 641, 443 A.2d 471 (1982). Therefore, the trial court did not err in directing a verdict for the defendant on those allegations.

As its final claim of error, the plaintiff contends that the trial court erred in denying the plaintiff's motion to set aside the verdict on its contractual allegations. Its claim is that there was no evidence to support a finding by the jury that arson, as alleged in the defendant's special defenses, had occurred.

The trial court has broad discretion when ruling on a motion to set aside a verdict and its ruling will not be disturbed absent clear abuse of that discretion. *Herb* v. *Kerr,* 190 Conn. 136, 139, 459 A.2d 521 (1983); *Tomczuk* v. *Alvarez,* 184 Conn. 182, 185, 439 A.2d 935 (1981). Our review of a trial court's refusal to set aside a verdict is limited. *Frankovitch* v. *Burton,* 185 Conn. 14, 15, 440 A.2d 254 (1981); *Carrier* v. *Rodrigue,* 3 Conn. App. 401, 402, 488 A.2d 846 (1985). The evidence will be given the construction most favorable in support of the verdict. *Herb* v. *Kerr,* supra, 140; *Todd* v. *Malafronte,* 3 Conn. App. 16, 23, 484 A.2d 463 (1984). " 'If, on the evidence, the jury could reasonably have decided as they did, we will not find error in the trial court's acceptance of the verdict.' " *Frankovitch* v. *Burton,* supra, 15–16, quoting *Kalleher* v. *Orr,* 183 Conn. 125, 126, 438 A.2d 843 (1981); see *Todd* v. *Malafronte,* supra.

In its answer, the defendant, although admitting the contract of insurance, posed several special defenses

relating to the nature and origin of the fire in question. These defenses mirrored certain exclusionary provisions contained in the insurance policy. Specifically, the policy excluded from coverage loss caused by, among other things, any fraudulent, dishonest or criminal act done by or at the instigation of any insured or agent of any insured. The defendant, in refusing to pay the plaintiff on the policy, claimed that the fire and subsequent loss sustained by the plaintiff resulted from arson involving, directly or indirectly, the plaintiff or its agents.

The burden of proving an exclusion to a risk otherwise generally insured against is on the insurer. *O'Brien* v. *John Hancock Mutual Life Ins. Co.,* 143 Conn. 25, 29, 119 A.2d 329 (1955); *Young* v. *American Fidelity Ins. Co.,* 2 Conn. App. 282, 286, 479 A.2d 244 (1984). Generally, in order to establish a prima facie case of arson for purposes of denying coverage under an insurance policy, the insurer must establish that the fire was incendiary, that the insured, its agents or officers had an opportunity to cause the fire, and that such individuals had a motive for setting the fire. Appleman, Insurance Law and Practice § 12682 (1980). These elements must be proved by a preponderance of the evidence, which evidence may be either direct or circumstantial. Id., §§ 12229, 12682.

From the circumstantial evidence presented, the jury reasonably could have concluded that the fire in question was incendiary in nature and that there was an opportunity for the insured, its officers or agents to cause the fire. There was also evidence from which the jury could have concluded that the plaintiff had a motive for arson. The evidence regarding motive may be summarized as follows: The plaintiff's restaurant operated at a loss during each of the five months it was in operation. At the time of the fire, the plaintiff was obligated to Connecticut National Bank on an outstanding debt

of \$175,000 plus accrued interest. The plaintiff originally borrowed \$150,000 but increased it by \$25,000 because of a shortage of cash. The entire amount of the obligation was secured by the fixtures, equipment, accounts receivable, future earnings and profits of the restaurant as well as any proceeds from the sale of such collateral. The limit under the liability policy written by the defendant was \$175,000.

The trial court, therefore, did not err in its denial of the plaintiff's motion to set aside the verdict because there was sufficient evidence to prove that coverage was excluded by the insurance contract.

There is no error.

In this opinion the other judges concurred.