[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
I.
By way of complaint with a return date of April 23, 1996, the plaintiffs sought back pay and damages for retaliatory discharge from Lawrence Brunoli, Inc., Lawrence Brunoli, Sr., Lawrence Brunoli, Jr. (hereafter referred to as the "Brunoli defendants") and Fireman's Insurance Company of Newark, New Jersey. The first count of the initial complaint contained twenty-eight paragraphs, the first ten of which identified six plaintiffs and the four aforelisted defendants. Paragraph eleven alleged that "[e]ach of the Plaintiffs during the time periods complained of herein were employees of the Defendant corporation and supervised and managed by Lawrence Brunoli, Sr., and Lawrence Brunoli, Jr." The Brunoli defendants, including the corporation, filed a Request to Revise the complaint on April 26, 1996 (#101). Request number IV sought to revise the entire First Count of the Complaint. It asked that "the First Count of the Complaint be divided into separate counts as to the `defendant employers,' Lawrence Brunoli, Inc., Lawrence Brunoli, Sr., and Lawrence Brunoli, Jr. and the defendant bond company, Fireman's Insurance Company of Newark, New Jersey." The defendants requested the revision because the causes of action against each defendant were distinct from the CT Page 3123 causes of action against each other defendant. The plaintiffs filed an Objection to Request to Revise (#103) on May 20, 1996. The objection was overruled on June 4, 1996, by Holzberg, J.
The plaintiffs filed a Substituted Complaint on June 14, 1996 (#105) which did not revise the above-described vagary. On June 25, 1996, the Brunoli defendants moved for nonsuit for the plaintiffs' failure to revise the complaint as requested. The court did not act on that motion. The plaintiffs filed a Second Substituted Complaint on July 19, 1996 (#116). The Brunoli defendants filed a Motion for Nonsuit dated July 30, 1996 (#118), urging the court to enter nonsuit for plaintiffs' failure to revise the substituted complaint as ordered by the court. On August 19, 1996, the court, Handy, J., granted the motion for nonsuit and ordered "[f]ull compliance in the form of a corrected/amended complaint by 9/3/96 or nonsuit shall immediately enter." On September 3, 1996, along with a Notice of Compliance, the plaintiffs filed a Revised Complaint (#121) dated August 29, 1996. The Revised Complaint separated out many of the allegations as they pertained to different plaintiffs, but it did not separate out the defendants. The language in the first Count of the Revised Complaint, paragraph eleven, as incorporated into Counts second through thirty-ninth, purporting to allege who the defendant employers were, was identical to the language set out in the original complaint.
In the interim, various motions to strike and motions for nonsuit for failure to comply with discovery were considered by the court and disposed of by the court.
On September 30, 1996, the Brunoli defendants filed a Motion to Strike Revised Complaint that is the subject of this memorandum. They argue that the Revised Complaint fails to state sufficient claims under the statutes relied on therein for the plaintiff's causes of action. More particularly, the defendants claim that the statutes alleged to govern the actions of employers do not apply to the individual defendants Lawrence Brunoli, Sr. and Lawrence Brunoli, Jr. The plaintiffs filed an Objection to Motion to Strike arguing contrary interpretations of the statutory language and the sufficiency of the pleading. Oral arguments were made on February 3, 1997, at which time the plaintiff's abandoned their claims pursuant to the CUTPA claim (Count thirty-eight).
II.
CT Page 3124
In ruling on a motion to strike, the [trial] court is limited to the facts alleged in the complaint; Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996); and "the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138,140, 438 A.2d 27 (1980). The facts in the complaint must be construed most favorably to the plaintiff. Waters v. Autori,supra, 236 Conn. 825. Facts that are necessarily implied by the allegations in a complaint will be deemed sufficiently pleaded and, therefore, need not be expressly alleged. Bouchard v.People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). "`A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action.' Zavo v.Montanaro, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 94-313902 S (January 25, 1995, Cocco, J.) `Where "individual paragraphs standing alone do not purport to state a cause of action," a motion to strike cannot be used to attack the sufficiency of those paragraphs.' Id., quotingJaramillo v. Adis, 8 CSCR 660 (May 5, 1993, Ballen, J.). . . ." (Additional citations omitted[1].) Shaw v. Giannini, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 94-464645 (January 10, 1996, Arena, J.). Practice Book sections 154 and 156 "specify that multiple grounds are to be pleaded together in the same motion to strike though they are to be articulated separately and adjudicated with specificity." Hartv. Schwartz, Superior Court, judicial district of New Haven, Docket No. 92-331912 (March 12, 1994, Hodgson, J., 11 Conn. L. Rptr. No. 6 203). The proper cure for a confusing complaint which combines two causes of action in a single count is a request to revise, not a motion to strike. Rowe v. Godou, 209 Conn. 273,279, 550 A.2d 1073 (1988). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autori, supra, 236 Conn. 826.
 III.
The request to revise is governed by sections 147 through 149 of the Practice Book. It "is a motion for an order directing the opposing party to revise his pleading in the manner specified,"P L Properties v. Schnip Development, 35 Conn. App. 46, 49,643 A.2d 1302 (1994) (quoting Royce v. Westport, 183 Conn. 177, 180,439 A.2d 298 (1981)). A request to revise may be used, inter alia, to obtain a "more complete or particular statement of the allegations of an adverse party's pleading;" Practice Book § 147; to cure any confusion resulting from the combination in CT Page 3125 the complaint of separate causes of action against an individual defendant and an institutional defendant; Rowe v. Godou, supra,209 Conn. 279; or to resolve a party's concern that it is "called upon to respond to a pleading that improperly combines two or more claims in a single count." Fuessenich v. Dinardo,195 Conn. 144, 149, 487 A.2d 514 (1985). "[S]uch [a] request shall be deemed to have been automatically granted by the court on the date of filing and [must] be complied with . . . within thirty days of the date of filing the same, unless within thirty days . . . the party to whom it is directed [files] an objection thereto. . . . If the court overrules the objection, a substitute pleading in compliance with the court order shall be filed within fifteen days of such order. Practice Book § 149. "A default judgment of nonsuit may be rendered for failure of a party to comply with an order to separate causes of action or to otherwise file substitute pleading. Practice Book § 363[2]; Burgess v.Van-Guard Insurance Company, 192 Conn. 124, 127, 470 A.2d 244 (1984);Rodriguez v. Mallory Battery Co., 188 Conn. 145, 448 A.2d 829
(1982). After the judgment of nonsuit enters, the objecting party may seek appellate review of the court's ruling. Souper Spud,Inc. v. Aetna Casualty Surety Co., 5 Conn. App. 579, 581,501 A.2d 1214 (1985).
Applying the relevant law to the procedural facts of this case, it is clear that the court need not address the merits of the arguments raised by the parties. As to each count challenged, the motion asks the court, in effect, to reform a pleading that attempts to state causes of action against numerous defendants. This, the court cannot do. The proper cure for a confusing complaint which combines two causes of action in a single count is a request to revise, not a motion to strike. See Rowe v.Godou, supra, 209 Conn. 279. Since the court is not permitted to grant the motion to strike as to counts which state a cause of action notwithstanding pleading anomalies; see Waters v. Autori,supra, 236 Conn. 826; the motion is denied. The court further finds that the plaintiffs have failed to comply with the order of the court, Handy, J. dated August 19, 1996.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT