# AETNA CASUALTY AND SURETY COMPANY *v.*
# PIZZA CONNECTION, INC.
## (AC 17452)

Lavery, Schaller and Dupont, Js.

Argued April 29—officially released October 26, 1999

*Joel J. Rottner*, with whom was *Robyn L. Sondak*, for the appellant (plaintiff).

*Jon L. Schoenhorn*, for the appellee (defendant).

*Opinion*

SCHALLER, J. This appeal arises from a declaratory judgment action filed by the plaintiff, Aetna Casualty and Surety Company, with respect to a controversy between it and the defendant, Pizza Connection, Inc. (Pizza Connection), regarding insurance coverage to be provided by the plaintiff under a policy that it issued to the defendant. The trial court held that, under the terms of the commercial general liability and fire insurance policy, the plaintiff was liable to the defendant for the loss arising from a fire that destroyed the defendant's restaurant. On appeal, the plaintiff claims that the court improperly (1) concluded that the plaintiff did not present sufficient evidence to sustain its burden of proof and (2) precluded testimony of certain expert witnesses concerning a prior fire. We affirm the judgment of the trial court.

The following facts and procedural history provide the necessary background to the disposition of this appeal. Prior to June 16, 1991, the defendant rented the property at 99 Maple Avenue in Hartford and operated a restaurant known as the Pizza Connection. On June 16, 1991, a Hartford police officer responded to the burglar alarm at the defendant's address and discovered the restaurant ablaze. The building was damaged and the contents of the restaurant were destroyed.

Prior to the fire, the plaintiff had issued to the defendant a commercial general liability and fire insurance policy. Following the fire, Joseph Citino, the primary stockholder of the defendant, notified the plaintiff that the defendant was filing a claim for damages caused by the fire. The defendant also submitted to the plaintiff the requisite statement of loss and acquiesced to an examination under oath, a procedure required by the policy. On February 14, 1992, after a review of the claim, the plaintiff denied coverage for any losses or damages claimed by the defendant.

On May 1, 1992, the plaintiff instituted this declaratory judgment action against the defendant seeking an order of the court declaring that there was no coverage under the policy for any losses or damages claimed by the defendant as a result of the June 16, 1991 fire. The plaintiff claimed, inter alia, that the loss was caused, directly or indirectly, by the actions of one or more of the defendant's agents, and that the defendant, through its agent, misrepresented material facts regarding the loss. While the declaratory judgment action was pending, the defendant, on June 28, 1993, brought a breach of contract action, alleging that the plaintiff's refusal to pay constituted breach of contract. Thereafter, the court consolidated the actions, and the parties stipulated that the decision concerning the plaintiff's liability in the declaratory judgment action would be binding as to liability in the defendant's breach of contract action.[1]

In its memorandum of decision, the court characterized the predicate for the plaintiff's denial of coverage as twofold: "(1) that the fire was intentionally set by Joseph Citino . . . (or was set by someone else at his direction); (2) Citino violated the terms of the policy by misrepresenting to [the plaintiff] that he intended, after the fire, to return to the business at its then location when in fact he did not." With respect to both grounds for denying liability, the court determined that the plaintiff had not sustained its burden of proof. The court concluded that the plaintiff was liable under the policy for the losses or damages arising from the June 16, 1991 fire. This appeal followed.[2] Additional facts

[1] With regard to the breach of contract action, the issue of damages, if any, was reserved for further proceedings.

[2] Because the defendant's breach of contract action is presently pending in the Superior Court awaiting a determination of damages, the judgment pertaining to the breach of contract action is not final. See *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 84, 495 A.2d 1063 (1985) (judgment rendered as to liability without award of damages is interlocutory in character and not final judgment from which appeal lies); see also *Pinnix* v. *LaMorte*, 182 Conn. 342, 343, 438 A.2d 102 (1980); *Palmer* v. *Hartford National Bank & Trust Co.*, 157 Conn. 597, 253 A.2d 28 (1968). Therefore,

will be set forth as they become relevant in the context of the plaintiff's specific claims.

## I

The plaintiff first claims that the trial court improperly concluded that the plaintiff did not present sufficient evidence to sustain its burden of proving "that the subject fire was a result of arson at the direction of [Citino] and that [Citino] misrepresented his intention to reopen his business at the fire location."

As an appellate court, our review of a trial court's decision is limited to determining whether it is clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980). "This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." Id., 221–22.

The arguments proffered by the plaintiff implicate the trial court's role as fact finder. The plaintiff essentially

because "[t]he lack of a final judgment is a threshold question that implicates the subject matter jurisdiction of this court"; (internal quotation marks omitted) *Dacey* v. *Commission on Human Rights & Opportunities*, 41 Conn. App. 1, 4, 673 A.2d 1177 (1996); jurisdiction is lacking to hear that portion of the appeal taken from the court's judgment on the breach of contract action. That portion of the appeal is therefore dismissed. The portion of the appeal taken from the court's judgment on the plaintiff's declaratory judgment action does, however, constitute a final judgment for purposes of this appeal. See General Statutes §§ 51-197a and 52-263; Practice Book § 61-1, formerly § 4000. We conclude, therefore, that only the plaintiff's appeal from the adverse finding on its declaratory judgment action is properly before us.

claims that the evidence produced at trial satisfied its burden of proof. In cases such as this, where there is conflicting testimony, it is appropriate to give the trial court's factual findings "a great degree of deference." *United Components, Inc.* v. *Wdowiak*, 239 Conn. 259, 262–63, 684 A.2d 693 (1996). "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Id., 263; *Crowell* v. *Danforth*, 222 Conn. 150, 156, 609 A.2d 654 (1992).

## A

The plaintiff claims that it presented ample evidence to sustain its burden of proof that the fire was the result of arson committed by or at the direction of Citino. The plaintiff essentially argues that the trial court's findings were clearly erroneous because there was ample evidence from which the trier of fact "could have and should have" determined that Citino had the motive and opportunity to set the fire. We disagree.

To prevail in a declaratory judgment action seeking to deny insurance coverage predicated on arson, "the insurer must establish that the fire was incendiary, that the insured, its agents or officers had an opportunity to cause the fire, and that such individuals had a motive for setting the fire. . . . These elements must be proved by a preponderance of the evidence, which evidence may be either direct or circumstantial." (Citation omitted.) *Souper Spud, Inc.* v. *Aetna Casualty & Surety Co.*, 5 Conn. App. 579, 585, 501 A.2d 1214 (1985), cert.

denied, 198 Conn. 803, 503 A.2d 172 (1986); see *Corosa Realty* v. *Covenant Ins. Co.*, 16 Conn. App. 684, 687, 548 A.2d 473 (1988). "Although any or all of the elements of arson may be proven by circumstantial evidence, 'evidence creating a mere suspicion or conjecture that [the] insured fraudulently burned the insured property is not sufficient.' 18 G. Couch, [Insurance (2d Ed. Rev. 1983)] § 74:668; see *Cora Pub, Inc.* v. *Continental Casualty Co.*, 619 F.2d 482 (5th Cir. 1980)." *Verrastro* v. *Middlesex Ins. Co.*, 207 Conn. 179, 183–84, 540 A.2d 693 (1988).

To be successful and to avoid liability under the policy, the plaintiff had to prove each element of arson by a preponderance of the evidence. See id., 184 (all elements of arson, including opportunity element, must be proven by preponderance of evidence).[3] Therefore, if we conclude that the plaintiff failed to sustain its burden of proof with regard to any one of these elements, it cannot prevail in its declaratory judgment action. Because we conclude that the trial court properly concluded that the plaintiff failed to sustain its burden of proof with regard to the motive element of arson, we will not address the claim that there was sufficient evidence to establish that Citino had the opportunity to set the fire.

The plaintiff argues that there was a surplus of circumstantial evidence to demonstrate that Citino had the motive to cause the fire. The plaintiff directs our attention to testimony in the record to support what it

---

[3] We note that the plaintiff argues that we should apply a variation of the standard set out in *Verrastro* and *Souper Spud, Inc.*, in that we should view the motive and opportunity elements not as mandatory elements to be proven separately, but rather as two factors to be considered in determining whether the defendant set the fire. The plaintiff does not, however, provide us with any reason why we should depart from precedent. Moreover, it is not for this court to decide whether to reexamine, discard or change the precedents set by our Supreme Court. *State* v. *Oliver*, 41 Conn. App. 139, 146, 674 A.2d 1359, cert. denied, 237 Conn. 920, 676 A.2d 1374 (1996).

believes was Citino's motive: the restaurant's destruction would have enabled Citino to use the insurance proceeds to open a smaller, more manageable restaurant that his wife could operate while he served a prison term stemming from an unrelated incident.

In its memorandum of decision, the trial court acknowledged that there was some evidence of Citino's motive to cause the fire.[4] The court concluded, however, that such evidence was totally insufficient to sustain the plaintiff's burden of proof that the fire loss was a result of arson perpetrated by or at the direction of Citino.[5] "The sifting and weighing of evidence is peculiarly the function of the trier. [N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony." (Internal quotation marks omitted.) *Smith Brook Farms, Inc.* v. *Wall*, 52 Conn. App. 34, 37, 725 A.2d 987 (1999). Therefore, "[t]his court does not retry the case or evaluate the credibility of the witnesses. . . . [Rather, we] are guided by the well

[4] The court also acknowledged that there was some evidence of Citino's opportunity, through his father, to cause the fire.

[5] The circumstances surrounding the cause and origin of the fire were disputed at trial. With regard to the incendiary element of arson, it is unclear from the memorandum of decision whether the court concluded that there was sufficient evidence presented to show that the fire was incendiary. The court did find that the following evidence supported such a finding. James Kelly, a captain with the Hartford fire department who investigated the Pizza Connection fire, testified that there were indications of an accelerant used at the point of origin of the fire. Thomas Goodrow, an investigator with the fire department, testified that he was of the opinion that an accelerant was used and that if all electrical causes were ruled out, the fire was a deliberate act. The court also noted the testimony of Vaughn Modeen, an electrical contractor who indicated that the fire was not electrical in origin. Modeen was not qualified to render an opinion as to the cause of the fire. With regard to the two expert witnesses from the fire department, the court found, however, that neither had records of their investigations and that, with regard to their testimony that an accelerant was used, "no analysis was made to find out what type of accelerant, *if any*, was present." (Emphasis added.)

established principle that [i]n a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. . . . As such, the trial court is free to accept or reject, in whole or in part, the evidence presented by any witness, having the opportunity to observe the witnesses and gauge their credibility." (Citation omitted; internal quotation marks omitted.) *State* v. *Fernandez,* 52 Conn. App. 599, 603–604, 728 A.2d 1, cert. denied, 249 Conn. 913, 733 A.2d 229, cert. denied, 528 U.S. 939, 120 L. Ed. 2d 348, 145 L. Ed. 2d 272 (1999). On the basis of our review of the record, we are confident that no " 'mistake has been committed.' " *United Components, Inc.* v. *Wdowiak,* supra, 239 Conn. 263. We conclude that the court's finding that the plaintiff did not present sufficient evidence to sustain its burden of proof that Citino had the motive to cause the fire was not clearly erroneous.

B

The plaintiff next claims that it presented sufficient evidence to sustain its burden of proof that Citino misrepresented his intention to reopen Pizza Connection at the fire location. In essence, the plaintiff argues that the trial court's findings were clearly erroneous because there was ample evidence from which the trier of fact "could have and should have" determined that Citino violated the terms of the policy by misrepresenting to the plaintiff that he intended, after the fire, to reopen the business at the location of the fire, when, in fact he did not. We disagree.

The insurance policy at issue here had within it a "concealment, misrepresentation or fraud" provision that defined the consequences for any fraudulent conduct on the part of the insured.[6] Connecticut law

[6] The relevant section of the policy provides: "This coverage form is void in any case of fraud by you as it relates to this coverage form at any time. It is also void if you or any other insured, at any time, intentionally conceal

requires every fire insurance policy written in Connecticut to contain a fraud and concealment provision similar to the one present in the policy at issue here. See General Statutes §§ 38a-307 and 38a-308. Such a provision clearly provides that the consequence for concealing or misrepresenting a material fact after a loss is a voiding of the entire policy and the insured's forfeiture of any contractual benefit. See *Rego* v. *Connecticut Ins. Placement Facility*, 219 Conn. 339, 347, 593 A.2d 491 (1991); *Davis-Scofield Co.* v. *Reliance Ins. Co.*, 109 Conn. 686, 689, 145 A. 42 (1929). Although the penalty seems harsh, it does not apply "[w]here the false [representation] was not intentionally false, or [where] the false [representation was] not intentionally so, but made through mistake or an opinion honestly entertained . . . ." *Davis-Scofield Co.* v. *Reliance Ins. Co.*, supra, 689. Rather, to constitute a misrepresentation sufficient to defeat recovery on a policy, the insurer must establish that there was "a false [representation] wilfully made with respect to a material matter with the intention of thereby deceiving the insurer." *Chauser* v. *Niagara Fire Ins. Co.*, 123 Conn. 413, 423, 196 A. 137 (1937); see *Rego* v. *Connecticut Ins. Placement Facility*, supra, 346. These elements must be proved by a preponderance of the evidence. *Rego* v. *Connecticut Ins. Placement Facility*, supra, 347.

After the defendant made a claim for the damage caused by the fire, the plaintiff commenced an investigation. In furtherance of the investigation, Citino was required to submit to an examination under oath. At the examination, Citino represented to the plaintiff that as soon as the Maple Avenue premises was rebuilt, he intended to again lease the premises from his landlord, Joseph Timbro, and to resume his business there.

The plaintiff contends that the evidence adduced at trial pertaining to Citino's actions after the fire was

_____

or misrepresent a material fact concerning . . . [a] claim under this coverage form."

sufficient to demonstrate that when he made his statement under oath he did not have any intention to return the restaurant to the Maple Avenue location. The plaintiff directs our attention to Citino's testimony that he reopened the restaurant at a smaller location on Wethersfield Avenue in Hartford. The plaintiff also focuses on Timbro's testimony that he could not contact Citino to discuss another lease for the premises. Timbro testified that it was not until one month after the fire that Citino came to his office and discussed the property damage.[7] Timbro testified that he had no further discussions with Citino regarding his return to Maple Avenue. The plaintiff argues that "[b]ased on this testimony, there can be no dispute that Citino never intended to return to Maple Avenue to resume his Pizza Connection enterprise."

In its memorandum of decision, the trial court concluded that the plaintiff had not sustained its burden of proof that Citino, during the examination under oath, had falsely represented his intention to reopen the business at the Maple Avenue location. The court accepted Citino's explanation for his inconsistent actions after the examination. Citino testified that at the time of the examination, he wanted to lease the Maple Avenue premises again and to move in as soon as it was rebuilt. It is clear from the record that Citino's representations were predicated on the plaintiff's payment of his claim. The court found that Citino's decision to open a smaller restaurant at a different location was financial in nature. Because the plaintiff did not pay the claim under the policy, Citino did not have sufficient personal funds to open the same sized restaurant at the original location. The court found that Citino's testimony was supported by the fact that the plaintiff did not deny the nonpayment of the claim or Citino's financial inability to open

---

[7] We note, however, that Citino informed Timbro at that meeting that he was planning to return to the Maple Avenue location.

the same sized restaurant. "Where there is conflicting evidence . . . we do not retry the facts or pass upon the credibility of the witnesses." (Internal quotation marks omitted.) *Emhart Industries, Inc.* v. *Amalgamated Local Union 376, U.A.W.*, 190 Conn. 371, 404, 461 A.2d 422 (1983). The probative force of conflicting evidence is for the trier to determine. *Bowman* v. *1477 Central Avenue Apartments, Inc.*, 203 Conn. 246, 257, 524 A.2d 610 (1987). In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony and, therefore, is free to accept or reject, in whole or in part, the testimony offered by either party. See *Kimberly-Clark Corp.* v. *Dubno*, 204 Conn. 137, 153, 527 A.2d 679 (1987); *Smith* v. *Smith*, 183 Conn. 121, 123, 438 A.2d 842 (1981). On the basis of our review of the record, we are confident that no " 'mistake has been committed' "; *United Components, Inc.* v. *Wdowiak*, supra, 239 Conn. 263; and conclude that it was not clearly erroneous for the trial court to find that the plaintiff did not present sufficient evidence to sustain its burden of proof that Citino falsely represented his intent to reopen the business at the Maple Avenue location.

II

The plaintiff's final claim is that the trial court improperly precluded the testimony of certain expert witnesses concerning a fire on August 7, 1988. Specifically, the plaintiff claims that Practice Book § 220, now § 13-4, did not require it to disclose certain public sector individuals that it attempted to call as expert witnesses because they were not "acquired or developed in anticipation of litigation or for trial"; Practice Book § 220; and such witnesses were equally accessible to both parties. Because the plaintiff on appeal does not challenge the court's ruling that all evidence concerning the

1988 fire was inadmissible, we do not reach the merits of the plaintiff's argument.

The following additional facts are relevant to our resolution of this issue. On or about May 7, 1997, approximately three weeks before the trial was to begin, the plaintiff filed a supplemental disclosure of expert witnesses. The disclosure identified Lieutenant William Barrows and Detective Thomas Goodrow of the Hartford fire marshal's office and Inspector Edward Casares and Lieutenant Michael Ciccarelli of the Hartford fire department as individuals who would testify about the cause and origin of the 1988 fire at Citino's prior restaurant, Pizza Express on Wethersfield Avenue.[8] In response to the plaintiff's late disclosure, the defendant filed a motion for a continuance, which the court denied.

On May 30, 1997, prior to the commencement of the evidence, the defendant made an oral motion to preclude the expert testimony of those witnesses named in the supplemental disclosure. The defendant argued that the late disclosure did not comply with § 220 (D), now § 13-4 (4), and that, as a result, it suffered undue prejudice. In response to the defendant's oral motion, the plaintiff's counsel stated that the late disclosure was an oversight and explained that he had originally believed that evidence concerning the 1988 fire would not be admissible. The plaintiff's counsel further explained that in May, 1997, after further research was undertaken, he concluded that there might be a legal basis to seek the admission of evidence concerning the 1988 fire. The plaintiff's counsel stated that, at that point, he realized that to provide the necessary foundation for the admissibility of evidence about the 1988

[8] The disclosure also identified two privately retained experts, Thomas Haynes and Lawrence Schwartz, who would testify about the cause and origin of the Pizza Connection fire on June 16, 1991.

fire, it might be necessary to show that it was incendiary and not merely accidental; hence, he decided to disclose the four fire officials as expert witnesses. After additional colloquy concerning the relative prejudice to each party, plaintiff's counsel unilaterally withdrew Barrows, Goodrow and Ciccarelli as expert witnesses, stating that "it's probably Inspector Casares [who] is the only one that's necessary."

After finding that the late disclosure was prejudicial to the defendant, the trial court granted the motion to preclude.[9] The court, therefore, excluded the remaining witnesses named in the supplemental disclosure.[10] The court emphasized, however, that it was not precluding those individuals from testifying as fact witnesses.

During trial, the plaintiff made an oral motion to reconsider the trial court's earlier order granting the defendant's motion to preclude. The plaintiff argued that Practice Book § 220 did not require it to disclose the four fire officials because they were public officials and, as such, could not be considered expert witnesses "acquired or developed in anticipation of litigation or for trial." Practice Book § 220. The court denied the plaintiff's motion for reconsideration.

Despite the court's adverse rulings, the plaintiff revisited the issue. This time, however, the plaintiff sought to admit evidence of the incendiary nature of the 1988 fire to demonstrate Citino's motive for setting the June, 1991 fire. The court permitted the plaintiff to make an

---

[9] The court also found, as an alternative ground for its decision, that the supplemental disclosure did not set forth the factual basis for each expert's opinion. See Practice Book § 220 (D), now § 13-4 (4).

[10] The court stated: "[T]he following witnesses are excluded as experts from testifying. Detective T. Goodrow, Thomas Haynes and Lawrence Schwartz." In light of the plaintiff's decision to withdraw Goodrow as an expert and because the court granted the defendant's motion to preclude, we believe that the court meant to exclude Casares as the only remaining expert who would testify about the 1988 fire.

offer of proof as to the incendiary nature of the 1988 fire. The plaintiff indicated to the court that, if permitted, it intended to call Goodrow, an expert named in the supplemental disclosure and subsequently withdrawn, and an engineer from Hartford's building department who would testify that the cause and origin of the 1988 fire was not accidental but incendiary. The plaintiff conceded, however, and the court agreed, that because of the exclusion of the expert witnesses' testimony, it could not be shown that the 1988 fire was incendiary.

Convinced that the trial court had improperly precluded its expert witnesses' testimony regarding the cause and origin of the 1988 fire and concerned about an adequate appellate record, the plaintiff requested that the court rule on whether evidence of the 1988 fire would be admissible to demonstrate Citino's motive for committing the June, 1991 fire.[11] The court acquiesced and allowed the plaintiff to make a renewed offer of proof. The plaintiff then orally stated what testimony the witnesses would give regarding the cause and origin of the 1988 fire.

After hearing the proposed testimony and the arguments of counsel, the trial court ruled that evidence concerning the 1988 fire was inadmissible. The court found that although the plaintiff presented "a lot of evidence that [the 1988 fire] was incendiary," the evidence linking Citino to the earlier fire was "so thin." The court concluded that the prejudice to the defendant would be extreme and that it substantially outweighed any probative value the evidence might have.

[11] The plaintiff's counsel stated that the preclusion of his expert's testimony left him "in a 'catch 22' with respect to my offer of proof because . . . if Your Honor was wrong in excluding the testimony, an appellate court would likely tell me, 'So what? We don't know if the [trial] court would've admitted the testimony anyway on the balancing test aspect of the case. . . . [S]o . . . we can do two things. I can make an [oral] offer of proof and get a ruling on the offer. Or, I can put the witnesses on and ask the opinions, and let Your Honor hear it . . . [a]nd then rule on the balancing."

On appeal, the plaintiff challenges only the trial court's preclusion of its public sector expert witnesses. The plaintiff argues that "there is no doubt that the trial court's failure to allow this testimony resulted in irreversible prejudice to the [plaintiff]." It is clear from the record that the court, in determining the admissibility of evidence about the 1988 fire, heard and considered the plaintiff's offer of proof. The plaintiff does not, however, challenge the court's evidentiary ruling regarding the inadmissibility of the evidence about the 1988 fire. Therefore, even if we assume, arguendo, that the court improperly precluded the plaintiff's expert witnesses from testifying, the plaintiff fails to articulate, and we fail to see, how it was prejudiced in any way by the ruling. See *Coble* v. *Maloney*, 34 Conn. App. 655, 661, 643 A.2d 277 (1994) (appellant bears burden of establishing specific harmfulness of evidentiary error).

The judgment is affirmed.

In this opinion the other judges concurred.