[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION APPEAL FROM FAMILY SUPPORT MAGISTRATE
The procedural history of the present case is as follows. Samuel E. Braffith filed identical motions to modify in three cases in which he was named as defendant. None of the plaintiffs objected to the motions. Argument on the three motions was consolidated and heard by Family Support Magistrate Alvord on June 15, 1999. The motion to modify did not seek to change the amount of child support and arrearage payments. Instead, the defendant sought to have all payments deducted from one of his paychecks at the end of the month because weekly garnishment created financial problems for the defendant, including the payment of rent.
In the case of Cara Richardson, the defendant's child support payments equaled $11 per week and $5 per week on arrearages for a total monthly payment of $69.28. The monthly amount of child support and arrearage payments for the case involving Lorraine Braffith totaled $238.15 per month. In the case of Dawn Gray, the monthly order equaled $216.50 for current support plus $42.30 on the arrearage, for a total of $259.80 per month. The total amount of support being withheld pursuant to General Statutes § 52-362 equaled $567.23. At the time of the June 15, 1999 hearing before Magistrate Alvord, the court explained to the defendant that support enforcement could only withhold income up to a certain amount and was required by statute, General Statutes § 52-362 (c), to exempt the first $145 of disposable income per week from the support order. The defendant's pay stubs indicated that he earned less than the CT Page 9797 $567.23 per week, but the court allowed him to have the exemption of $145 with the understanding that the defendant could pay that amount directly to support enforcement. Support enforcement agreed to this arrangement as well.
On November 4, 1999, the defendant filed another motion to modify child support, this time seeking to pay support once every third week of the month and decrease the amount of child support to be paid.[1] The plaintiffs in all three cases objected to the motion to modify. Argument on the motions was again consolidated and a hearing on the matter was held before Magistrate Alvord on December 7, 1999. The following facts are taken from the transcript of that hearing.
The defendant testified that he was laid off from his job on October 31, 1999. At the time of the hearing, he was receiving unemployment benefits. His financial affidavit filed on December 7, 1999, indicates his total weekly income is $145 and his total weekly expenses are $300. When questioned about the reason for his termination, the defendant blamed the support enforcement problems with causing him to lose his job, but after questioning by Magistrate Alvord, the defendant stated that he was laid off due to lack of work. The defendant further testified that he was not seeking employment because of medical problems he was experiencing, but he failed to submit any documentation to prove his claim of disability. The purported reason for not producing the medical certification was because he was awaiting an independent medical examination to obtain a second opinion. The defendant further stated that his attorneys, Embry and Neusner, had all of his medical records and the court could obtain the records from his attorneys. The magistrate explained that it was not the court's responsibility to obtain the medical records but instead, it was the defendant's responsibility to supply the court with the necessary documentation.
Magistrate Alvord denied the defendant's motion to modify child support because the defendant failed to provide the court with proof that he is not able to work due to a medical disability. The magistrate also found that the defendant either voluntarily left his employment or was terminated through his own fault. The defendant's claim that he had been terminated from a number of jobs due to his child support obligations was found to be without merit especially in light of the fact that the defendant never filed a wrongful termination action against any of his former employers. The magistrate also found that the defendant failed to demonstrate any reasonable job search in any of his fields of expertise. For all of these reasons, Magistrate Alvord denied the defendant's motion to modify child support in each of the three cases.
The defendant filed an appeal of the decision of the family support CT Page 9798 magistrate on December 8, 1999, in each of the three cases. His petition for appeal claims that the magistrate's decision was an abuse of discretion or an unwarranted exercise of discretion, and that the findings were capricious. No objections were filed by any of the plaintiffs in the three cases at issue. The attorney general's office, however, appeared before this court at the oral argument on the defendant's appeal.
The court will first determine whether the magistrate's decision in this case presents a judgment or decision from which an appeal can be taken. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created."Office of Consumer Counsel v. Dept. of Public Utility Control,234 Conn. 624, 640, 662 A.2d 1251 (1995). The court finds that the appeals were filed in a timely manner, within fourteen days of the decisions being appealed. See General Statutes § 46b-231 (n)(2). Furthermore, the defendant certified that service of the appeal upon the individual parties and the office of the attorney general was made in accordance with General Statutes § 46b-231 (n)(2) by certified mail. Originally, only portions of the transcripts were filed along with the appeal from the magistrate's decision and the complete transcripts, at this court's request, were filed on May 9, 2000.
"The lack of a final judgment is a threshold question that implicates the subject matter jurisdiction of [the] court." Aetna Casualty SuretyCo. v. Pizza Connection, Inc., 55 Conn. App. 488, 491 n. 2, 740 A.2d 408
(1999). A final judgment is one "(I) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Shay v. Rossi, 253 Conn. 134, 164-5, 749 A.2d 1147 (2000). In the present case denying the motion to modify terminated a distinct proceeding and concluded the rights of the defendant.
General Statutes § 46b-231 (n)(1) provides that "[a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." "The two-part test for aggrievement by a particular decision is well established. First, the person claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision, as distinguished from the general interest of the community as a whole. Second, the person must establish that his or her interest has been specially and injuriously affected by the decision . . . Moreover, with respect to the second part, the person need only establish a possibility, rather than a probability or certainty, of such injury. Rosev. Freedom of Information Commission, 221 Conn. 217, 230, 602 A.2d 1019
(1992)." (Citation omitted.) Newman v. Newman, 235 Conn. 82, 103, CT Page 9799663 A.2d 980 (1995). The court finds that the defendant is aggrieved for purposes of this appeal because the magistrate's decision denying the motion to modify injuriously affected the defendant's pecuniary interest.
General Statutes § 46b-231 (n)(7) provides: "The Superior Court may affirm the decision of the family support magistrate or remand the case for further proceedings. The Superior Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
At the hearing before this court, the defendant's argument, although presented in a convoluted manner, boils down to the fact that on June 15, 1999, Magistrate Alvord granted the defendant's motion to have child support withheld on a monthly basis and upon his unemployment the state simply changed the withholding to weekly. The defendant's testimony indicates that the original order of Magistrate Alvord dictating monthly payments had not been complied with because, by his own testimony, the defendant has admitted that child support had been withheld from the last two paychecks of each month, or twice monthly, up to the time he became unemployed. The reason for withholding twice a month was, in all likelihood, to comply with General Statutes § 52-362, which provides in pertinent part: "If an obligor is delinquent on support payments on any prior order of support in an amount greater than or equal to thirty days' obligation, whether or not such order is subject to a contingent income withholding, he shall become subject to withholding and the dependent shall cause a delinquency notice to be served on him. The delinquency notice shall include a claim form and be in clear and simple language informing the obligor that . . . the first one hundred forty-five dollars of disposable income per week are exempt." General Statutes § 52-362 (c)(1)(E). This particular problem related to withholding only once a month was discussed at the June 15, 1999 hearing before Magistrate Alvord.
When the defendant filed his second motion to modify child support on November 4, 1999, General Statutes § 52-362 has been amended by Public Acts 99-193. Section 6 of the public act provides in pertinent part: "(c)(1) If an obligor is delinquent on support payments on any prior order of support in an amount greater than or equal to thirty days' obligation, whether or not such order is subject to a contingent income CT Page 9800 withholding, such obligor shall become subject to withholding and the dependent shall cause a delinquency notice to be served on such obligor. The delinquency notice shall include a claim form and be in clear and simple language informing the obligor that . . . (E) eighty-five per cent of the first one hundred forty-five dollars of disposable income per week are exempt." Eighty-five per cent of $145 equals $123.45.
In the petition to appeal the magistrate's order, the defendant indicated that he intended to submit additional evidence and produce witnesses, but he did not do so. This court thoroughly reviewed the transcript from both the June 15, 1999 and December 7, 1999 hearings even though the order rendered on December 7, 1999, is the only subject of this appeal. The court reviewed both hearings to determine the series of events leading up to the defendant's appeal. One argument the defendant raised on appeal was that Magistrate Alvord denied rendering the June 15, 1999 order. This argument is without merit. There is nothing in the transcript to support the defendant's contention.
The defendant's main argument is that the order was changed from biweekly to weekly without any court order. At the hearing before this court, the defendant indicated that a total of $145 is being withheld from his unemployment check each week. His financial affidavit indicates that he ends up with $145 per week, and his expenses are $300 per week. The defendant did not present any testimony regarding the total amount of unemployment he receives per week prior to the withholding, and the court is left to speculate that if the defendant receives $145 per week after the state withholds $145 per week he receives a total of $290 per week in unemployment benefits. This court cannot base a decision on pure speculation and withholding only once a month would not meet the defendant's child support obligations. Furthermore, although the defendant is correct in stating that an order cannot be modified on a whim,[2] General Statutes § 52-362 (e), as amended by Public Acts 99-193, § 6(e), provides in pertinent part: "Any investigator or other authorized employee of the Bureau of Child Support Enforcement within the Department of Social Services, or any officer of the Support Enforcement Division of the Superior Court, shall issue a withholding order pursuant to this subsection when the obligor becomes subject to withholding under subsection (c) of this section. On service of the order of withholding on an existing or any future employer or other payer of income, and until the support order is fully satisfied or modified, the order of withholding is a continuing lien and levy on the obligor's income as it becomes due." In allowing the defendant a biweekly wage withholding, the court, with the agreement of support enforcement, was allowing the defendant to meet all of his obligations, and his employer was apparently agreeable to withholding wages biweekly. Now that the defendant is unemployed, the wage withholding is subject to change CT Page 9801 pursuant to Public Acts, 99-193, § 6 "until the order is fully satisfied or modified . . . as it becomes due." Public Acts, 99-193, § 6, (e).
When the defendant became unemployed, a new order was issued to unemployment to withhold the necessary amount of income to ensure the payment of child support while allowing the defendant the exemption required under state and federal law. See Public Acts, 99-193, § 6 (c) and (e) and 15 U.S.C. § 1673.
The defendant's motions to modify withholding from every week to every third week was denied by Magistrate Alvord for the reasons stated above. This court is in agreement with the findings and conclusions of Magistrate Alvord's December 7, 1999 order. The court finds that Magistrate Alvord's December 7, 1999 order was not "[i]n violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." General Statutes § 46b-231 (n)(7). The defendant failed to provide proof of his claimed medical disability or job search attempts. The defendant also failed to request a downward modification of child support at the hearing. For the foregoing reasons, the court affirms the decision of Magistrate Alvord.
Kenefick, J.