[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION APPEAL FROM FAMILY SUPPORT MAGISTRATE
The procedural history of the present case is as follows. On April 26, 2000, the defendant, Jeffrey Cooper was cited for civil contempt for failure to pay child support to the petitioner, Sarine Cooper. At the hearing on April 26, 2000, Magistrate Lifshitz determined that the state of Connecticut was owed $12,747 and that the petitioner was owed S 13,405 in arrears for unpaid child support by the defendant. The $13,405 figure represents the arrearage owed to the petitioner prior to her application for IV-D benefits on February 4, 2000
As a condition of receiving IV-D benefits, the petitioner was required to sign an application for benefits which stated that she agreed to assign all rights to support she may have, or that her dependents may have, from any other person, both in the present, future and past, to the State of Connecticut.
The magistrate's order provided that the $13,405 in arrears, that the petitioner assigned to the State of Connecticut as a condition of CT Page 14554 receiving IV-D benefits, was to be immediately reassigned to her, minus any amounts that the state expended on assistance for her and her children during her current receipt of benefits. The magistrate further ordered the bureau of child support enforcement (bureau) to inform the petitioner when the first $1000 of the arrearage was paid.[1] Once notified of payment, the petitioner was ordered to terminate her receipt of IV-D benefits and provide the bureau of child support enforcement with written verification of the termination. Once the bureau received this verification, it was ordered to pay the $1000 in arrearage to the petitioner.
The assistant attorney general filed an appeal of the decision of the family support magistrate on May 8, 2000. The state's petition for appeal claims that the magistrate's decision to reassign the child support arrearage from the state to the petitioner is an en-or of law. No objections to the appeal were filed by either the plaintiff or the defendant. The plaintiff and the defendant each appeared before this court at oral argument. The children's interest were also represented by court appointed counsel who appeared before this court at oral argument on the state's appeal.
The court first will determine whether the magistrate's decision in this case presents a judgment or decision from which an appeal can be taken. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created."Office of Consumer Counsel v. Dept. of Public Utility Control,234 Conn. 624, 640, 662 A.2d 1251 (1995). The court finds that the appeal was filed in a timely manner within fourteen days of the decision being appealed. General Statutes § 46b-231(n) 2). Furthermore, the assistant attorney general certified that service of the appeal upon the individual parties was made in accordance with General Statutes § 46b-231(n)(2) by certified mail. The complete transcripts for this matter were filed with this court.
"The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of [the] court." Aetna Casualty Surety Co.v. Pizza Connection, Inc., 55 Conn. App. 488, 491 n. 2, 740 A.2d 408
(1999). A final judgment is one "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Shay v. Rossi, 253 Conn. 134, 164-5, ___ A.2d ___ (2000). In the present case, reassigning the right to the arrearage from the state to the petitioner constitutes a final judgment.
General Statutes § 46b-231(n)(1) provides that "[a] person who is aggrieved by a final decision of a family support magistrate is entitled CT Page 14555 to judicial review by way of appeal tinder this section." "The two-part test for aggrievement by a particular decision is well established. First, the person claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision, as distinguished from the general interest of the community as a whole. Second, the person must establish that his or her interest has been specially and injuriously affected by the decision. . . . Moreover, with respect to the second part, the person need only establish a possibility, rather than a probability or certainty, of such injury. Rosev. Freedom of Information Commission, 221 Conn. 217, 230, 602 A.2d 1019
(1992)." (Citation omitted.) Newman v. Newman, 235 Conn. 82, 103,663 A.2d 980 (1995). The court finds that the State of Connecticut is aggrieved for purposes of this appeal because the magistrate's decision reassigning the child support arrearage from the State of Connecticut to the petitioner injuriously affected the state's pecuniary interest.
General Statutes § 46b-231(n)(7) provides: "The Superior Court may affirm the decision of the family support magistrate or remand the case for further proceedings. The Superior Coo: may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other en-or of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The state's argument on appeal is that the magistrate did not have the authority under General Statutes § 17b-77 to reassign the arrearage from the state to the petitioner. In relevant part, General Statutes § 17b-77 provides that "[b]y such application, the applicant shall assign to the commissioner the right of support, present, past and future, due all persons seeking assistance and shall assist the commissioner in pursuing support obligations due from the absent parent." Based on a plain reading of the statute, the court agrees with the state's argument.
The legislative history surrounding General Statutes § 17b-77
further reveals that the state is required to have and to follow this statute in order to receive matching funds for the IV-D support program under 42 U.S.C. § 608(a)(3)(A). That statute provides that "[a] State to which a grant is made under section 603 of this title shall require,as a condition of providing assistance to a family under the Stateprogram funded under this part, that a member of the family assign to theState any rights the family member may have (on behalf of the familyCT Page 14556member or of any other person for whom the family member has applied foror is receiving such assistance) to support from any other person, notexceeding the total amount of assistance so provided to the family, whichaccrue (or have accrued) before the date the family ceases to receiveassistance under the program. . . ."(Emphasis added.)42 U.S.C. § 608(a)(3)(A).
Therefore, under the aforementioned state and federal statutes, the state acquired an assignment of all rights to support owing an applicant or their dependents upon application for IV-D benefits, and that right terminates as to any prior and future arrearage owed to an applicant, only when the applicant stops receiving IV-D support assistance from the State.[2] This statutory interpretation is consistent with the Appellate Court's holding in Langan v. Weeks, 37 Conn. App. 105, 113,655 A.2d 771 (1995) (Holding that because the state must require the assignment of all support rights as a prerequisite to the receipt of AFDC benefits, in order to comply with federal law, the assignment of support rights to the state by a beneficiary takes effect by operation of law.)
Because it is clear, under federal and state statutes, and Langan v.Weeks, supra, that the magistrate's order directing the reassignment of the arrearage from the state to the petitioner while the petitioner was still receiving IV-D benefits is in error, the April 26, 2000 decision of the magistrate is reversed under General Statutes § 46b-231(n)(7). The case is remanded with direction to decide this case consistent with the dictates of this decision and assign the arrearage to the state.
Kenefick, J.